1833.

Burras
v.
Looker.

BURRAS *vs.* LOOKER.

After the defendant has put in his answer on oath to a bill in the usual form, the complainant cannot amend his bill, and include in such amendments a waiver of the answer of the defendant on oath; so as to deprive him of the benefit of his answer to the amendments, so far as it may be responsive to the bill.

Where the defendant has answered the bill on oath before any waiver, if the complainant is unwilling to rely upon an answer on oath to the amendments, his only remedy is to dismiss his bill, and commence a new suit, in which suit he can waive an answer on oath.

THIS was on appeal from the decretal order of the vice August 20. chancellor of the first circuit, allowing certain amendments to the complainant's bill. The amendments were allowed after an answer had been put in to the original bill; and among the amendments was one by which the complainant waived an answer on oath to the amended bill.

*W. Silliman*, for the complainant.

*H. Brewster*, for the defendants.

THE CHANCELLOR. I think the complainant, under the peculiar state of facts disclosed in the affidavits, should be permitted to amend his bill, so far as the new allegations extend. But he ought not to have been allowed to insert that part of the amendment by which an answer on oath was waived. The statute authorizing the complainant to waive the necessity of an answer on oath from the defendant, (2 *R. S.* 175, § 44,) has introduced a new principle into the system of equity pleading. This provision was incorporated into the revised statutes upon my suggestion; and was intended to leave it optional, with the complainant, to compel a discovery from the defendant in aid of the suit, or to waive the oath

of the defendant if the complainant was unwilling to rely upon his honesty, and chose to establish his claim by other evidence alone.   He has no right, therefore, to call upon the defendant for a discovery as to a part of the matters of his bill, and to deprive the defendant of the benefit of his answer on oath, as responsive to other matters stated in the bill.   He must waive an answer on oath as to every portion of the bill, or to no part thereof.   And after the defendant has put in an answer on oath as to the whole or any part of the bill, it is too late for the complainant to get rid of the consequences of a denial upon oath of all or any of the matters of the bill.   An amendment, in that stage of the suit, waiving an answer on oath, is irregular, and cannot be allowed.   If the complainant can establish his case without a discovery from the defendant, and he is unwilling to rely upon the answer, as made upon oath, his only remedy is to dismiss his bill and commence a new suit; in which suit he will have the right to waive the necessity of an answer on oath.   In this case, the defendant has already put in a very long answer to the original bill, upon oath, as he was compelled to do; and yet, by the order appealed from, the complainant is permitted to waive an answer on oath as to a part of the amendments, and to claim a discovery as to others.   This would be extending a principle of law adopted by the legislature for the furtherance of justice, in such a manner as to make it an instrument of injustice, in the hands of a complainant.

So much of the order of the vice chancellor as allows the complainant to insert, in the second amendment, the waiver of an answer on oath, must be reversed.   The residue of the order appealed from must be affirmed; and neither party is to recover costs as against the other on this appeal.