The Vice-Chancellor.
The production of documents by the defendant, on motion, for the purpose of aiding the complainant in sustaining his suit, is in the nature of an exception to the defendant’s answer. It rests upon the principle that the complainant in equity, has a right to examine his adversary on oath as to the material facts constituting his case made by his bill; and the motion for the production of documents, coming within that description which the defendant admits to be in his possession, is a substitute for the statement o"f such documents at large in the answer. (Wigram’s Points on the Law of Discovery, 13 to 15.) Where an exception to the answer would not be sustained, if the bill had called for a full statement of the document in the answer, a motion for its production will not be granted, although the answer admits its custody.
In this case, the defendant’s answer on oath is waived. The complainant instead of seeking his examination, disclaims the right. No exception can be taken to the answer for insufficiency. Yet the complainant applies to have the defendant produce the contract upon which the bill is founded.
This is clearly inadmissible. If the complainant need its production, he must obtain it in this court in the usual mode, by requiring a discovery on oath, or he must pursue his remedy elsewhere. (See Burras v. Looker, 4 Paige, 227.)
In respect of the deeds and exemplified mortgage mentioned in the affidavit, the case is different. They are not mentioned in the bill, and are not a part of the case which it makes. On. a reference to ascertain whether the complainant can make a title, they may be essential to him, but that will not occur until after a decree upon the main points in issue upon these pleadings. These papers therefore do not fall within the principles which I have applied to the contract. They are simply documents of the complainant, which the defendant withholds from him without color or pretence of right. Their possession by the defendant, or his solicitors and counsel, is not denied.
I think the court has the right, and is bound to direct their restoration. To guard against the possibility of any abuse of the order of the court, it will provide that no use shall be made of the order itself, or of the fact of the return of the papers, or *498 any circumstance connected with it arising under the order, as evidence in the cause.
Order accordingly, as to those documents. Motion denied, as to the production of the contract.
No costs to either party.