## A. W. WALKER v. WM. CAMPBELL et al.

CHANCERY PRACTICE AND PLEADINGS. Answer on oath. After a defendant has put in his answer on oath to an original bill, the complainant cannot amend and include in such amendment a waiver of the answer of defendant on oath, so as to deprive him of the benefit of his answer to the amendment, so far as the same may be responsive to the original bill.

### FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

R. M. McKEE and H. H. INGERSOLL for complainant.

ROBINSON & MALONEY for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed in March, 1878, attaching a note in the hands of defendant White, to satisfy an indebtedness of defendant William Campbell to complainant. The original bill required defendants to answer on oath, and required said White to produce and file said note, with his answer, and to answer if said note was assigned to another, when and to whom it was assigned, and when said White was notified of said assignment. White answered, saying the note was delivered to him between the 1st and

10th of January, 1878, endorsed and assigned by Wm. Campbell, the payee, to Wiley Campbell, which endorsement, as respondent is informed and believes, was placed on it at the time it bears date, 20th October, 1877.

On the coming in of this answer, complainant filed an amended bill, making the defendants to his original bill and Wiley Campbell, who had not been made a party thereto, defendants to said amended bill, and waiving an answer thereto on oath by said White, William and Wiley Campbell. This amended bill was answered by the several defendants and the particulars of the assignment of the note and the consideration thereof more fully stated and sworn to.

It is insisted that defendants cannot make their answer to the amended bill evidence for them, because as to that bill their oaths were waived. On the other hand, for defendants it is maintained that after a defendant has put in his answer on oath to the original bill, the complainant cannot amend, and include in such amendment, a waiver of the answer of defendant on oath, so as to deprive him of the benefit of his answer to the amendment, so far as it may be responsive to the original bill. This latter proposition is sustained in 4 Paige, 227; 10 Cush., 58; 2 Gray, 314, cited in note 10, page 417, vol. 1 of Cooper's edition of Dan. Ch. Pr.

Wiley Campbell and his wife and defendant William, their son, prove the assignment and delivery of the note by William to Wiley in the fall of 1877. Wiley deposes that he supposed he had left this note

with his agent, White, with other papers and notes, when he removed from Greene county to Kansas, about the last of October, 1877, but found it, with another payable to himself, in his possession some time after he reached Kansas, and about the 1st of January, 1878, sent the note by mail to White, care of L. F. Self. He also states for what consideration the note was transferred.

Self, who is deputy post-master at Greeneville, deposes that about the 28th of December, 1877, a registered letter to White, to his care, was received and handed to White, who opened it in his presence. It contained two notes, that he examined them, and one of them was the note exhibited with White's answer, and was endorsed then, as now, by an assignment by Wm. Campbell to Wiley Campbell. Witness further states that he had been in the habit of transacting all the business of White in sending money and other valuables to Mr. Campbell, and in settling claims due from him, and that he recognizes the note on file as being the one which he examined.

The act of 1879 makes husband and wife competent witnesses for or against each other, "except as to any matter that occurred between them by virtue, or in consequence of the marital relation." The facts deposed to by Mrs. Campbell in relation to the assignment and delivery of the note by William to Wiley Campbell, are not of a confidential character, nor such as she is protected against or prohibited from disclosing by the act of 1879. She was, therefore, a competent witness to the facts stated by her.

Walker *v.* Campbell.

The complainant and several other witnesses depose to having examined the note before it was filed and after its receipt by White, and say that it had no assignment on it, that they saw, and that their examination was of such a character that they think they would have discovered such endorsement, if it was then upon the note. Their testimony is rather of a negative character, but still strong enough to raise a strong presumption of the truth of complainant's theory, if it were not opposed by credible and positive swearing of other witnesses.

The weight of the evidence is that the note was assigned and delivered to defendant, Wiley Campbell, by William Campbell, for a valuable consideration, before the complainant's attachment bill was filed.

The chancellor's decree, dismissing complainant's bill and amended bill, will be affirmed with costs.