## BATEMAN *v.* SMITH GIN COMPANY.

Where a case, on the appeal in a justice's court, was called for trial and the plaintiff did not appear, it was the right of the defendant to move to dismiss the case for want of prosecution, but not to proceed to trial and obtain a verdict in his own favor, there being no plea of set-off or other defense in the nature of a cross action against the plaintiff.

March 23, 1896.  Argued at the last term.

*Certiorari.*    Before Judge Hardeman.    Houston superior court.    October term, 1894.

*M. G. Bayne,* for plaintiff in error.
*H. A. Mathews,* contra.

LUMPKIN, Justice.

The plaintiff below recovered a judgment against Bateman in a justice's court, from which he entered an appeal to a jury in the same court.    When the case was called for trial on the appeal, the plaintiff (for reasons not necessary to be stated) failed to appear, and thereupon the justice allowed counsel for Bateman to submit the case to a jury and take a verdict in his favor.    The plaintiff then sued out a *certiorari* to the superior court, alleging that the justice erred in allowing the case to take this direction, and in not dismissing it for want of prosecution.    Upon hearing the *certiorari*, the superior court ordered that the case be remanded to the justice's court; that the verdict be set aside, and the case reinstated for trial before a jury in that court.

We think the judgment of the superior court was exactly proper and correct.    There is no law or rule of practice, of which we have any knowledge, under which the course pursued in this case in the justice's court can be upheld. Where a plaintiff fails to appear and prosecute his case, it is, of course, the right of the defendant to move to have the same dismissed for want of prosecution; and this is the only proper course to be pursued, unless there has been filed a

plea of set-off, or some other defense in the nature of a cross action against the plaintiff.  In that event, it might be the right of the defendant to proceed to prove his counter-claim and take judgment thereon; but even then, the merits of the plaintiff's cause of action would not be affected by the rendition of a judgment in the defendant's favor upon his counter-claim.  It does not appear from the record now before us, however, that there was any such plea or defense in the present case; and consequently, allowing the defendant to enter upon a trial in the absence of the plaintiff appears to have been naked and palpable error. In principle, the question with which we are now dealing is settled and controlled by the decisions of this court in *Wade* v. *Wiscnant*, 86 *Ga.* 482, and *Morris* v. *Murphey & Co.*, 95 *Ga.* 307, 22 S. E. Rep. 635.    And see, also, *Burdell* v. *Blain*, 66 *Ga.* 169.                *Judgment affirmed.*