.CENTRAL GEORGIA POWER COMPANY *v.* NOLAN *et al.*

BECK, J. 1. Where under the right of eminent domain a proceeding had been instituted for the purpose of condemning property and the assessors had been appointed and entered upon the discharge of their duties; prior to the completion thereof and the making of an award by them, the condemnor had the right to dismiss such proceedings, no right to compensation having vested in the landowner nor any right on his part having arisen which would prevent a dismissal by the condemnor.

2. While a condemnor under the power of eminent domain may not have the right, by dismissal or abandonment after award, to escape the results of it and institute a new proceeding to condemn the same property, yet where a condemnor had the right to dismiss a condemnation proceeding while it was in an inchoate state and subject to dismissal, the exercise of such right did not operate as a bar to the institution of a second proceeding for the purpose of condemning.

3. Where in condemnation proceedings assessors were appointed but were unable to agree upon an award, and separated without announcing a date and place for the next meeting, the evidence being conflicting as to whether this was intended as a final abandonment of any effort to reach an award, or whether the intention was, at some later date which was not fixed, to again assemble for that purpose; and where, before anything else was done, the condemnor commenced a new proceeding, reciting therein that the former proceeding was dismissed, and caused this to be served upon the landowners, and afterwards, upon being notified that a majority of the original assessors had called a

meeting for the purpose of proceeding further, the condemnor notified them that the original proceeding had terminated and had been dismissed, and protested against their proceeding further in the matter, if the assessors themselves had not abandoned and terminated their function, nevertheless this amounted to a dismissal which prevented their right to proceed further over the objection of the condemnor.

4. Where the land sought to be condemned was partly in one county and partly in another, condemnation proceedings could be instituted in either of the counties. And where the condemnor instituted proceedings in one of the counties in which the land lay, but dismissed them while he still had the right to do so, he could institute other proceedings to condemn in either of the two counties, and was not compelled to proceed in that county where the condemnation proceedings had first been instituted.

5. Under the facts indicated in the preceding headnotes, it was error to enjoin the second condemnation proceeding upon the application of the landowners.

6. Where an equitable petition was filed by the landowners for the purpose of enjoining the condemnor from prosecuting the second proceeding, and the defendant, by its answer in the nature of a cross-petition, sought to have the plaintiffs enjoined from prosecuting an appeal which they had entered to the superior court upon the award in the first proceeding, made after the dismissal thereof by the condemnor, until the final hearing of the case, such injunction prayed for by the defendant against the plaintiffs should have been granted.

*Judgment reversed. All the Justices concur.*

NOVEMBER 23, 1910.

Injunction. Before Judge Reagan. Bibb superior court. May 23, 1910.

*Walter T. Johnson* and *Greene F. Johnson,* for plaintiff in error. *Dorsey, Brewster, Howell & Heyman,* contra.