### HANESLEY v. COUNCIL, receiver.

GILBERT, J. 1. The vendor in a conditional sale, having reserved title to the property sold, the bill of sale being duly recorded, where the conditions of the sale have not been fulfilled so as to pass title to the vendee, may assert his title as against the purchaser of the property at a sale under the foreclosure of a mortgage executed by the vendee to a third person. *Myrick* v. *Liquid Carbonic Co.*, 137 *Ga.* 154 (73 S. E. 7, 38 L. R. A. (N. S.) 554).

2. The rule prescribed in *Welsh* v. *Lewis*, 71 *Ga.* 387, and *Cincinnati Cordage & Paper Co.* v. *Dodson Printers' Supply Co.*, 131 *Ga.* 516 (62 S. E. 810), cited by the defendant in error, has application to divesting other liens. This is not a case of conflicting liens. The mortgagor (vendee in conditional sale) never had any title, and hence the purchaser at the sale did not obtain title.

*Judgment reversed. All the Justices concur.*
MAY 17, 1917.

Exceptions to auditor's report. Before Judge Littlejohn. Sumter superior court. July 28, 1916.

*James A. & John A. Fort,* for plaintiff in error.
*Ellis, Webb & Ellis,* contra.

---

### HALL v. CITIZENS BANK OF HAZLEHURST.

FISH, C. J. 1. Even if the refusal, on the trial of a claim case, of a motion to dismiss the levy of the execution constitutes a ground of a motion for new trial, where land has been conveyed to secure a debt, judgment rendered on the debt in a justice's court, and reconveyance to the debtor executed, filed and recorded, an execution issued by the justice on the judgment may be levied on the land by the sheriff without an entry of "no personalty" having been first made, or the land "pointed out" by defendant. *Bennett* v. *McConnell*, 88 *Ga.* 177 (14 S. E. 208).

2. There was sufficient evidence to authorize the verdict finding the land subject to the execution, on the ground that the claimant was estopped from asserting his title thereto as against plaintiff in fi. fa., by reason of representations made by the claimant to the grantee in the security deed at the time of its execution, to the effect that the grantor owned the land, whereby the grantee was induced to sell his property on credit to the grantor.

3. The refusal of a new trial was not error.

*Judgment affirmed. All the Justices concur.*
MAY 17, 1917.

Claim. Before Judge Graham. Jeff Davis superior court. April 1, 1916.

*Bennett & Swain,* for plaintiff in error.
*Newton Gaskins,* contra.