### 14642.  WOODALL *v.* EXPOSITION COTTON MILLS.

BELL, J.   1.   When a case is sounded for trial, the parties should immediately announce ready or move to continue.   If five minutes should elapse before the announcement or motion, the plaintiff's case may be dismissed.   Superior Court Rule 21, Civil Code (1910), § 6280.

2. Where a defendant has only pleaded matter which goes to defeat the plaintiff's cause of action, and does not ask for the recovery of money or relief against the plaintiff, and the plaintiff fails to appear and prosecute his case, it is error ·to allow the defendant to prove his defense and to take a verdict in his favor, and thus procure an adjudication that the plaintiff should not recover.   "Where a plaintiff fails to appear and prosecute his case, it is, of course, the right of the defendant to move to have the same dismissed for want of prosecution; and this is the only proper course to be pursued, unless there has been filed a plea of set-off, or some other defense in the nature of a cross-action against the plaintiff.   In that event, it might be the right of the defendant to proceed to prove his counter-claim and take judgment thereon; but even then the merits of the plaintiff's cause of action would not be affected by the rendition of a judgment in the defendant's favor upon his counter-claim.   It does not appear from the record now before us, however, that there was any such plea or defense in the present case; and consequently, allowing the defendant to enter upon a trial in the absence of the plaintiff" was improper and manifest error.   *Bateman* v. *Smith Gin Co.*, 98 *Ga.* 219 (25 S. E. 422); *Rousch* v. *Green*, 2 *Ga. App.* 112 (2) (58 S. E. 313).   See also Civil Code (1910), §§ 4348, 4353, 5548; *Green* v. *Green*, 138 *Ga.* 581 (2) (75 S. E. 603); *Harris* v. *Hines*, 59 *Ga.* 427; *Evans* v. *Sheldon*, 69 *Ga.* 100 (2).

3. In this case, when the complainant for damages for a tort failed to appear, the defendant was allowed to prove his plea of settlement, or accord and satisfaction, and the jury thereupon returned a verdict in favor of the defendant.   *Held*, that the plaintiff's motion, made and prosecuted during the term, to set aside the verdict and the judgment entered thereon, should have been sustained.

*Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 27, 1923.

Action for damages; from Fulton superior court—Judge E. D.
Thomas. April 13, 1923.

*A. H. Davis,* for plaintiff.
*McDaniel & Neely,* for defendant.