## HARRY L. WINTER INCORPORATED *v.* PEOPLES BANK OF CALHOUN *et al.*

1. The suggestion in the brief of counsel for the defendants, that the bill of exceptions should be dismissed upon the ground that it does not sufficiently show who is the defendant in error, is without merit.

2. Nor should the bill of exceptions be dismissed upon the ground that there is no assignment of error upon the final judgment of the superior court. The judgment directing a verdict in favor of the defendants is excepted to. After setting out the verdict, and reciting that the court did direct this verdict, error is assigned in the following language: "To the ruling of the court and the judgment of the court directing a verdict in favor of the Peoples Bank of Calhoun, Georgia, as aforesaid, the plaintiff then and there excepted and now excepts, and assigns the same as error." And after thus generally excepting and assigning the ruling complained of as error, the plaintiff specifically states the grounds upon which it is contended that the ruling was erroneous. "1st. Because the plaintiff in the case had, before the trial of the same, dismissed its action, as it had a legal right to do, and the court had not the right thereafter to direct a verdict for the defendant. 2nd. Because the defendant in its answer to plaintiff's petition in the case set up no counter-claim or cross-action of any kind or other matter except such as was defensive to the issues raised by the plaintiff in its petition; and hence, after the plaintiff had dismissed its action, there was nothing in court to try, and the court erred in proceeding with the trial of the case after the plaintiff had dismissed its action, and in directing a verdict for the defendant, the Peoples Bank of Calhoun, Georgia, as aforesaid. 3rd. Because, no evidence having been offered by the defendant in support of its claim that its lien was superior to the lien of the plaintiff as to the property described in the petition in the case, there was no evidence upon which the court could legally direct a verdict for the defendant, so finding, and the court's action in directing said verdict was erroneous." This was sufficient. "There was no assignment of error upon any judgment entered upon the verdict; but the direction of the verdict was in effect a judgment by the court, and is to be treated as a final judgment upon which error may be assigned in a direct bill of exceptions." *McKenzie* v. *Consolidated Lumber Co.*, 142 *Ga.* 375, 380 (82 S. E. 1062); *Duggan* v.

*Monk,* 5 *Ga. App.* 206 (62 S. E. 1017); *Scarborough* v. *Holder,* 127 *Ga.* 256 (56 S. E. 293).

3. Inasmuch as the answer in this case contains no set-off, or prayer for relief in the nature of a cross-petition, the entry of dismissal by plaintiff's counsel should have been given effect; and the court erred in holding otherwise.

No. 6337. MAY 17, 1928.

Equitable petition. Before Judge Roop. Gordon superior court. September 12, 1927.

Harry L. Winter Incorporated brought its petition against the Peoples Bank of Calhoun and against Mrs. C. M. Alexander as administratrix of the estate of C. M. Alexander, deceased, alleging as follows: On June 18, 1920, C. M. Alexander, through his agent A. L. Henson, applied to the Georgia Loan & Trust Company, of Macon, Georgia, for a loan of $5000, offering as security therefor ·a first mortgage on certain land in the 7th district of Gordon County, and representing in the application that there was no indebtedness against the land, except a balance of about $4500 due on account of the purchase-price thereof. On March 16, 1921, pending the application, Alexander executed and delivered to the Peoples Bank his deed to secure debt, conveying said land as security for indebtedness therein described, aggregating $7418.38, which deed was duly recorded. Afterward, but without any knowledge of that security deed, the plaintiff offered to lend to Alexander, on said land, $3500 instead of $5000, and Henson, in a conference with Alexander and B. W. Blackmon, the cashier of the Peoples Bank, explained his inability to procure a loan of more than $3500 on the land, and that it would be necessary to give the new lender a first mortgage on the land to secure the new loan; and thereupon Blackmon requested Henson and Alexander to go ahead with the loan and pay the net proceeds thereof to the bank, and stated that the bank would take a second mortgage for the balance of its indebtedness. Upon the faith of that agreement with the bank the plaintiff's offer was accepted, and Alexander executed and delivered to plaintiff his deed dated January 21, 1922, and duly recorded, conveying the land as security for a principal debt of $3500, besides interest and attorney's fees, and the entire net proceeds thereof (to wit, $3323.55) were paid to the bank and applied by it on account of the indebtedness of Alexander to it. Henson and Alexander, because they relied upon said agreement with the bank

to take a second mortgage to secure the balance due to it, gave no notice to plaintiff of the existence of the bank's prior encumbrance; and Alexander's attorney, who abstracted the title of said land for the loan to be made by plaintiff, reported that there was no lien or encumbrance upon the land, because he had been advised that the bank had agreed to take a second mortgage to secure the balance of its debt. By oversight of the attorney, and because he had full confidence in the bank and believed it would live up to its agreement, whether the same was reduced to writing or not, said agreement was not put in writing, and the bank obtained judgment against Alexander for $4553 principal, besides interest and attorney's fees, and was asserting the same against the land as a lien superior to that in favor of plaintiff, which had also reduced its claim against Alexander to judgment, the land being insufficient in value to satisfy both claims, and Alexander being dead and his estate insolvent.

The petition was in two counts, one praying that the bank be required to specifically perform its agreement to make its claim for the balance remaining unpaid, after applying the proceeds of the loan obtained from plaintiff, second and inferior to plaintiff's claim against the land; and the other setting up an estoppel against the bank's claim of priority to plaintiff, because of its conduct in accepting the proceeds of plaintiff's loan on the land, knowing that the loan was being made by plaintiff in the belief that it was receiving a first encumbrance on the land; and asking that plaintiff be subrogated to the bank's security as to that portion of the indebtedness to the bank which was paid out of the proceeds of plaintiff's loan to Alexander. Both counts asked that plaintiff's claim be decreed to be superior in dignity to that of the bank, against the land, both as to its deed to secure debt and the judgment based thereon.

The Peoples Bank of Calhoun filed its answer admitting, denying, or, for want of sufficient information, neither admitting nor denying each of the paragraphs in each count of the petition. In one paragraph of its answer the bank "admits that it obtained judgment upon its note and set up its lien upon the premises described in plaintiff's petition, as alleged, and insists that its lien is a first lien upon the property referred to in plaintiff's petition." The answer concludes with the prayer "that the grounds of relief

prayed for [by the plaintiff] be denied on each and every ground, and that the said lien held by this defendant be decreed to be a first lien upon said described premises."

When the case was called for trial counsel for the plaintiff announced that the plaintiff had decided to dismiss its action, and had entered on the original petition: "Now comes the plaintiff in the above-stated case and dismisses the action. This September 12, 1927." Signed by the plaintiff's attorneys. The attorney for the Peoples Bank objected to the dismissal of the action, upon the ground that the bank in its answer had prayed for affirmative relief. The judge sustained the objection, and held that the plaintiff could not dismiss. Counsel for plaintiff thereupon stated that he was not prepared to go into the trial on that day, for the reason that the leading counsel for plaintiff were not in court, as they had not anticipated that there would be any objection to the dismissal of the case, or that such objection would be sustained; that said leading counsel, all the documentary evidence for the plaintiff, and a necessary witness for the plaintiff were all in Macon; and that plaintiff could not go safely to the trial at that time. The court called the first twelve jurors from the panel, and proceeded with the trial. No evidence was offered. Upon the pleadings the court directed a verdict "for the defendant, the Peoples Bank, and that its lien upon the property described in the petition is superior to that of the plaintiff." Upon this a judgment was entered, and the plaintiff filed its bill of exceptions.

*Ryals, Anderson & Anderson* and *A. L. Henson,* for plaintiff.

*J. H. Paschall* and *J. M. Lang,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. In the brief of counsel for defendant in error it is contended that there are no defendants in error named specifically in the bill of exceptions, and that it is only by inference that it can be determined who are intended to be defendants in error; and further, that there is no sufficient assignment of error as to the rulings of the court; nor is it alleged that any of the rulings are contrary to law. Counsel for defendant in error do not argue these contentions, but "merely call the court's attention to the record as contained in the bill of exceptions." While there is no formal motion to dismiss, we consider these criticisms of the bill of exceptions, because jurisdictional questions are raised; and if

it be true that there are no sufficient assignments of error, and it can not be determined who are the defendants in error, then the bill of exceptions should be dismissed. We find this recital in the bill of exceptions: "To the ruling of the court and the judgment of the court directing a verdict in favor of the Peoples Bank of Calhoun, Georgia, as aforesaid, the plaintiff then and there excepted and now excepts, and assigns the same as error." While the Peoples Bank is not expressly named as the defendant in error, we think that the recital which we have quoted, taken in connection with the other recitals in the bill of exceptions, clearly shows that the Peoples Bank is intended as the defendant in error. And that being true, the bill of exceptions should not be dismissed upon the ground that the defendant in error is not sufficiently indicated. And that bank is the only necessary party defendant. While the suit is against the bank and Mrs. Alexander as administratrix of the estate of C. M. Alexander, deceased, she has no interest in sustaining the judgment. Her case is the same whether the plaintiff or the Peoples Bank prevails in the suit.

2. The ruling made in the second headnote makes elaboration here unnecessary.

3. Among the specific assignments of error made by the plaintiff upon the direction of a verdict is one based upon the contention that the court could not proceed with the trial of the case after the plaintiff had dismissed its action, and erred in holding to the contrary and directing the verdict. When the case was called, counsel for the plaintiff announced in open court, before the case proceeded to trial, that the plaintiff desired to dismiss its action, and had entered on the original petition its dismissal thereof in the following words, to wit: "Now comes the plaintiff in the above-stated case and dismisses the action;" this being signed by the plaintiff's attorneys. Upon objection by counsel for the defendant, the court ruled that the defendant in its answer "asked for affirmative relief, and that the plaintiff could not dismiss its cause of action over the objection of this defendant." The plaintiff in error excepts to this ruling and assigns the same as error, insisting that it had a legal right to dismiss the action, and that the ruling of the court was error. We are of the opinion that this contention of counsel for plaintiff in error is well founded. The answer of the defendant is wanting in any allegation of collateral

facts or circumstances other than those alleged in the petition, as a basis for a cross-action or as permanent relief to be granted to the defendant. In the 8th paragraph of its answer to the 8th paragraph of the first count in the petition is the following: "Defendant admits that it obtained judgment upon its note and set up its lien upon the premises described in plaintiff's petition, as alleged, and insists that its lien is a first lien upon the property referred to in the plaintiff's petition." And the 8th paragraph of the answer to the 8th paragraph of the second count of the petition contains an admission and assertion substantially similar to that last quoted above from the answer to the 8th paragraph of the first count of the petition. The answer concludes with the following prayer: "Wherefore defendant prays that the grounds of relief prayed for in said second count be denied on each and every ground, and that the said lien held by this defendant be decreed to be a first lien upon the described premises." We do not think that this prayer, in view of the nature of the answer, which categorically admits or denies the paragraphs of the petition, sets up any right in the bank to affirmative relief against the plaintiff. The plaintiff declared that it had, or should have in equity, the prior lien as shown by the documents set forth or referred to in the pleadings. The bank's claim to have its lien given priority is defensive as against the equities relied on by the plaintiff. It is true that the defendant bank in the answer to the 8th paragraph of both counts of plaintiff's petition asserted that its lien was a first lien against the land described in the petition, and that its lien was superior to the lien claimed by the plaintiff against said land. But these assertions of a prior lien were in direct answer to claims by the plaintiff in its petition that it, the plaintiff, was entitled to the priority of its lien against the land for the reasons set out in the petition. And we agree further with the contention of counsel for plaintiff in error, that in asserting that the bank held the first lien against the land, or that it was entitled to superiority over the lien of the plaintiff, the bank merely denies the claims of the plaintiff that its lien was superior to that of the bank. The bank did not allege any additional or collateral facts, nor did it pray for affirmative relief against the plaintiff in the sense in which the expression "affirmative relief" is used in decisions where it is held that while a complainant may ordinarily

dismiss his petition, he can not prejudice the rights of the defendant by carrying with it so much of the answer "as is in the nature of a cross-bill praying for affirmative relief against complainant;" —a ruling that has been made in many decisions. In the Civil Code, § 5548, it is declared that: "A petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. If claims by way of set-off or otherwise have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding." Among the cases relied upon by counsel for defendant in error is that of *Evans* v. *Sheldon*, 69 *Ga.* 100, where it was said: "As a general rule a complainant has the right to dismiss his bill at any stage of the case, provided he does not thereby prejudice the rights of the defendant; and a dismissal of the bill carries with it the entire case, including the answer. But where the defendant has set up in his answer equitable claims by way of set-off or otherwise, the dismissal of the bill does not interfere with the defendant's right to a hearing or trial of such claims. The complainant may still dismiss his bill, but he can not prejudice the rights of defendant by carrying with the bill so much of the answer as is in the nature of a cross-bill praying for affirmative relief against complainant." But, as we have pointed out above, there is nothing in the answer of the defendant which renders it an answer in the nature of a cross-petition.

"A distinction should be drawn between cross-bills which seek affirmative relief as to other matters than those brought in suit by the bill, yet properly connected therewith, and cross-bills which are filed simply as a means of defense; since there are rules applicable to the one class which do not apply to the other. Thus, a dismissal of the original bill carries the cross-bill with it when the latter seeks relief by way of defense; but it is otherwise, and relief may still be given upon the cross-bill, where affirmative relief is sought thereby as to collateral matters properly presented in connection with the matters alleged in the bill." Story's Equity Pleading, § 399, quoted in *Lacher* v. *Manley*, 139 *Ga.* 802 (78 S. E. 188), where it was further said: "And where the cross-bill sets up additional facts germane to the subject-matter of the original bill and prays for affirmative relief against the complain-

ants in the original bill on the case thus made, the dismissal of the original bill does not dispose of the cross-bill, but it will be retained for disposition on its merits as an original bill." In discussing that part of section 5548 which provides that "a petitioner may dismiss his petition at any time, . . so that he does not thereby prejudice any right of the defendant," this court said, in *Evans* v. *Sheldon,* supra: "We think it quite clear that this section means, construing it altogether, the rights of defendant which the complainant can not prejudice by his dismissal of the bill are mainly those rights which are specified in the last clause of the section, to wit: equitable claims by way of set-off or otherwise, which the defendant has set up in his answer, and so the section has been construed." In *Kean* v. *Lathrop,* 58 *Ga.* 355, it was said: "If the defendant has answered, making discovery called for, or discovery not waived, but confining his answer to defensive matters, and praying for no relief against the complainant, he does not thereby acquire the right to retain the complainant's case in court and have it tried." "A dismissal of a bill in equity carries the whole case out of court, including the answer of the defendant thereto, if said answer contain no set-off or other prayer for relief in the nature of a cross-bill." *Harris* v. *Hines,* 59 *Ga.* 427. "Where a defendant has only pleaded matter which goes to defeat the plaintiff's cause of action, and does not ask for the recovery of money or relief against the plaintiff, and the plaintiff fails to appear and prosecute his case, it is error to allow the defendant to prove his defense and to take a verdict in his favor, and thus procure an adjudication that the plaintiff should not recover." *Woodall* v. *Exposition Cotton Mills,* 31 *Ga. App.* 269 (2) (120 S. E. 423). "Where a plaintiff fails to appear and prosecute his case, it is of course the right of the defendant to move to have the same dismissed, for want of prosecution; and this is the only proper course to be pursued, unless there has been filed a plea of set-off, or some other defense in the nature of a cross-action against the plaintiff. In that event, it might be the right of the defendant to proceed to prove his counter-claim and take judgment thereon; but even then the merits of the plaintiff's cause of action would not be affected by the rendition of a judgment in the defendant's favor upon his counter-claim." *Bateman* v. *Smith Gin Co.,* 98 *Ga.* 219, 220 (25 S. E. 422). The rule as laid down

in Corpus Juris is as follows: "The plaintiff may dismiss any claim where such dismissal will not prejudicially affect the interests of defendant, but he will not be permitted to dismiss, to discontinue, or to take a nonsuit, when by so doing defendant's rights will be prejudiced, or he will be deprived of any just defense. Nevertheless, the injury which will thus be occasioned to defendant must be of such a character that it deprives him of some substantive rights concerning his defenses not available in a second suit or that may be endangered by the dismissal, and not the mere ordinary inconveniences of double litigation which in the eye of the law would be compensated by costs." 18 C. J. 1158, 1159, § 31. Many other decisions to the same effect could be cited; and in view of all these we are of the opinion that the court erred in refusing to give effect to the entry of dismissal of the case made by plaintiff's counsel on the petition. Having erroneously held that the plaintiff could not dismiss his case, what took place subsequently in the trial was nugatory, and it is unnecessary to discuss the other assignments of error in the bill of exceptions.        *Judgment reversed.   All the Justices concur.*