CENTRAL OF GEORGIA RAILWAY CO. *v.* THOMAS *et al.*

No. 6228.   SEPTEMBER 19, 1928.

*H. A. Wilkinson* and *R. L. Maynard,* for plaintiff in error.

*J. A. Hixon* and *Ellis, Webb & Ellis,* contra.

BECK, P. J. In section 5206 of the Civil Code it is provided that "All corporations or persons authorized to take or damage private property for public purposes shall proceed as herein set forth." And then follow other provisions as to payment or tender of compensation; and if the parties can not agree upon the

compensation to be paid, other sections provide for notice, hearing, evidence, and assessment of value and of damages; for the finding of the assessors, etc.; then for the filing and record of the award. These sections are immediately followed by provisions for an appeal, final judgment, etc. In the present case no appeal was entered, but within ten days a dismissal of the proceedings was entered by the condemnor upon the papers in the case; and afterwards notice was given under section 5209 of the Code, and was served upon the owner.

There is nothing in any of the sections that expressly gives to the condemnor the right to institute the proceedings to condemn after having entered the dismissal in the case. If it was not satisfied with the award made by the assessors, it could have entered an appeal under the provisions of the statute and could then have had a de novo investigation as to the value of the property, the damages to be paid, etc.; and the award of the assessors would have been suspended until the final disposition of the cause. But we do not think that after an award had been entered, fixing the amount of the compensation to which the owner was entitled, the condemnor could have an entirely de novo trial by instituting new proceedings, as it would have had in case of an appeal. It is insisted by counsel for the plaintiff in error that "A proceeding to condemn property for public use is not in the nature of a contract between the owner and the condemning party; and until the property is actually taken and compensation is made or provided, the power of the condemning party over the matter is not exhausted," and cases are cited to sustain this contention. And further, that, "Until the property is actually taken possession of or paid for, the landowner has no vested interest." And the plaintiff in error argues and insists that it has the right to institute the new proceedings in this case. In one sense, there was in this case at the time of the dismissal possibly no vested right in the landowner in the ordinary sense in which that term is used; and the condemnor, under the various authorities, might abandon the proceedings and give notice of such abandonment to the landowner, and thereby prevent the collection of the amount awarded by the assessors. But in another sense, the landowner did acquire, if not a vested right in the amount of the award or judgment, a right to set up the finding of the award as an estoppel, in the

nature of estoppel by judgment, against a second proceeding. Equity certainly will not tolerate that a condemnor, who has been vested with the power of eminent domain, vested with that high right that the needs of the public may be met in certain cases, shall, after having had the benefit of a trial before assessors, take the chances of getting a lower award, in a second proceeding, by dismissing the first proceeding and refusing to enter the appeal, as the statute provides, in case he is not satisfied with the amount awarded. To allow the condemnor to do this, that is, dismiss his first proceeding after the award or judgment, would be giving him an inequitable advantage over the owner of the land—a clear and undeniable advantage in many cases. In the case of Northern Pac. Ry. Co. v. Georgetown, 50 Wash. 580 (97 Pac. 659, 660), it was said: "What would be thought of the attempt of a railroad company to abandon a condemnation proceeding through a citizen's farm because the award was large, and commence another condemnation proceeding with the boundary line of the second six inches from the boundary line of the first? Such proceeding would not be tolerated for a moment, and, for the reason that the law is no respector of persons, it should not be tolerated when the railroad company's property is sought to be appropriated." See also 20 C. J. 1077-1079, and cit. These cases are not all in accord. In fact the majority of them may be adverse to the conclusion which we have reached in this case. But we can not reach any other conclusion than that reached by the trial judge in this case. If the doctrine insisted upon by counsel for plaintiff in error—and which we admit they have supported by the citation of numerous authorities—were held by us to be sound, it would place in the hands of any corporation entitled to exercise the power of eminent domain the power to harrass and oppress the owner of land; and we are not willing so to construe the statute applicable to this case as to put it in the power of any one to oppress another. Our attention is called to Central Georgia Power Co. v. Nolan, 135 Ga. 443 (69 S. E. 561). An examination of that case will show that the facts were entirely different. There it was said: "While a condemnor under the power of eminent domain may not have the right, by dismissal or abandonment after award, to escape the results of it and institute a new proceeding to condemn the same property, yet where a condemnor had the right to dismiss a

condemnation proceeding while it was in an inchoate state and subject to dismissal, the exercise of such right did not operate as a bar to the institution of a second proceeding for the purpose of condemning." The case of *Georgia Ry. & Power Co.* v. *Mooney,* 147 *Ga.* 212 (93 S. E. 206), also differs from this, in that an appeal was entered from the award of the assessors when a dismissal was entered, and there was no ruling upon the question whether, after such dismissal, the condemnors might again institute proceedings. The enlarged uses which the condemnors proposed were not of such a character as to make a different case from the first proceeding.

We are of the opinion that this is a case where a court of equity should have interfered to protect the landowner in her rights.

*Judgment affirmed. All the Justices concur.*