20031. BEASLEY MOTOR COMPANY *v.* COWART.

BELL, J. 1. Where a defendant has pleaded matter which tends only to defeat the plaintiff's cause of action, and does not ask for the recovery of money or relief against the plaintiff, and the plaintiff fails to appear and prosecute his case, it is error to allow the defendant to prove his defense and to take a verdict in his favor, and thus procure an adjudication that the plaintiff should not recover. *Woodall* v. *Exposition Cotton Mills,* 31 *Ga. App.* 269 (2) (120 S. E. 423) ; *Bateman* v. *Smith Gin Co.,* 98 *Ga.* 219 (25 S. E. 422) ; *Green* v. *Green,* 138 *Ga.* 581 (2) (75 S. E. 603) ; *Evans* v. *Sheldon,* 69 *Ga.* 100 (2) ; *Harris* v.

*Hines,* 59 *Ga.* 427; *Rousch* v. *Green,* 2 *Ga. App.* 112 (2) (58 S. E. 313); Civil Code (1910), §§ 4348, 4353, 5548. Where, however, such a judgment was in fact rendered, it was merely, erroneous, and not void, and, if acquiesced in, became conclusive upon the plaintiff and those holding under him. *Morris* v. *Murphey,* 95 *Ga.* 307 (2) (22 S. E. 635, 51 Am. St. R. 81).

2. The fact that the defendant in a trover suit stated to a third person, who thereafter bought the property from the plaintiff, that he did not intend to defend the action, but would abandon the property to the plaintiff, did not, in subsequent litigation between the defendant and such third person with respect to the property, estop the defendant from invoking a verdict and judgment which on a change of mind he had sought and obtained against the plaintiff in the prior suit, where there was nothing to show that the declarant knew or had reason to believe, at the time of making such statements, that the person to whom they were made would rely thereon and purchase the property. *Harvey* v. *West,* 87 *Ga.* 553 (2) (13 S. E. 693); *Palmer* v. *McNatt,* 97 *Ga.* 435 (25 S. E. 406); *Freeny* v. *Hall,* 93 *Ga.* 706 (21 S. E. 163); *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174); *Wright* v. *McCord,* 113 *Ga.* 881 (39 S. E. 510); *Hall* v. *Citizens Bank,* 147 *Ga.* 27 (2) (92 S. E. 536); *Parker* v. *Crosby,* 150 *Ga.* 1 (102 S. E. 446).

3. In the present case there was no evidence whatever to show that the plaintiff (who was the defendant in the prior suit) had any knowledge that the present defendant intended to buy, or would likely buy, the automobile from the plaintiff in the former litigation, or that there were any other circumstances to put him upon notice of such impending purchase; and hence there was no basis of fact for the claim of estoppel referred to in the preceding paragraph.

4. The verdict found for the plaintiff in the present action was demanded by the evidence, and the result would not have been different had the court admitted the evidence offered by the defendant. It follows that the rejection of this evidence and also any errors in the charge or in the refusal of requests to charge were harmless to the defendant.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided July 21, 1930.

*J. Wade Johnson,* for plaintiff in error.   *C. L. Cowart,* contra.