20126. FUTRELLE *v.* KARSMAN *et al.*

DECIDED SEPTEMBER 6, 1930.

*Frederick A. Tuten,* for plaintiff.

*Girard M. Cohen, Columbus E. Alexander, Myer Cherkas,* for defendants.

JENKINS, P. J. (After stating the foregoing facts.) The verdict was demanded by the evidence; and therefore it is not necessary to deal with the alleged errors in the charge of the court, or with the alleged improper remark of the court, during the progress of the trial, and while a witness for the plaintiff was on the stand. The

proof, in so far as the allegation of the petition that Mr. Karsman and Mrs. Karsman were operating a business as partners under the trade-name of "S. Karsman" is concerned, wholly fails to show that Mrs. Karsman had any connection with or interest in the business, other than that she sometimes assisted her husband in its operation; and there is nothing in the record to indicate that the name under which the business was carried on, "S. Karsman," was used as a trade-name for any such partnership, or in any other way than by the defendant, Sam Karsman, as his own name. It is true that the plaintiff's invoices were made out to Mrs. Rose Karsman; but to each of them the name of Mrs. Karsman appears to have been signed by her husband, and plaintiff's manager testified that the goods sued for were furnished to the business operated as "S. Karsman." There is nothing in the record to indicate that Mrs. Karsman authorized the plaintiff to bill goods to her, or authorized her husband to sign her name to the invoices, or even that she had any knowledge of such a course of dealings. Certainly, in the absence of any knowledge on her part and of any authority from her, these circumstances would not authorize a finding that she was a partner in the business of "S. Karsman." The court properly directed a verdict in favor of the defendants on the plea of no partnership.

There seems to be nothing in the proof submitted to support the allegations of the petition that Mrs. Karsman had acquired and converted to her own use funds belonging to the business of S. Karsman, and that the fund deposited in the bank was so derived. It is true that transactions between husband and wife involving a transfer of property are to be scanned closely; and that when such a transaction is attacked for fraud, the onus is on the husband and wife to show that the transaction was fair (Civil Code (1910), § 3011; *Rountree* v. *Lathrop*, 69 *Ga.* 757); but the facts of the instant case disclose no transfer of property from the husband to the wife, unless, indeed, the weekly allowance of $35 for household expenses could be accounted such. Moreover, there is nothing in the record to show that the husband was insolvent during the period when the allowance was made, except that after the account accrued he told the plaintiff's manager he could not pay it, and the wife testified that, at some undisclosed time, the husband had been adjudged a bankrupt. The funds in the bank in Mrs. Karsman's

name were shown to have been received from the estate of her deceased aunt, and from other sources than her husband's business; and there is nothing to indicate that the husband and wife had conspired, as in effect charged by plaintiff, to rob the business which the husband was operating, so as to defraud his creditors. A verdict in favor of the defendant was demanded, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*