21715. KARSMAN *v.* FUTRELLE *et al.*

Decided November 11, 1931.

*Columbus E. Alexander, Girard M. Cohen,* for plaintiff.
*Frederick A. Tuten, Victor B. Jenkins,* for defendant.

Luke, J. Mrs. Sam Karsman complains of the judgment of the superior court of Chatham county sustaining a general demurrer to her petition in an action against A. U. Futrelle, trading and doing business as Holmes & Co., and W. J. Hinley, who are principal and surety respectively upon a garnishment bond. It appears from the petition that, in a pending suit and based thereon, A. U. Futrelle caused garnishment proceedings to be initiated in the municipal court of Savannah, returnable to the superior court of Chatham county, and pursuant thereto caused several summons of garnishment to be issued and served. In the main suit Rose Karsman and Sam Karsman, trading and doing business as S. Karsman, were named defendants. In the trial of that case before a jury the plaintiff failed to recover as against the defendant Mrs. Sam Karsman, who is referred to also as Rose Karsman. A motion for a new trial was overruled and exceptions in this court resulted adversely to the plaintiff, in that the plaintiff failed to recover against Mrs. Karsman. *Futrelle* v. *Karsman,* 41 *Ga. App.* 765 (154 S. E. 714). Mrs. Karsman incurred certain expenses by way of counsel fees and other charges in and about her defense, and alleges that she was deprived of the use of certain funds which were deposited in a bank and were subjected to the garnishment process, and thereby sustained a loss of interest; that is to say, the difference between the rate of interest that she received and the legal rate of seven per cent. per annum, on the total deposit, which she might have received, during the pendency of the garnishment proceedings,—all of which she now seeks to recover. Attached as an exhibit to an amendment of her petition are copies of three verdicts rendered in the case: one in favor of a plea of no partnership, another that the money on deposit belonged to Mrs. Karsman, and the third, for the plaintiff, A. U. Futrelle, trading as Holmes & Co., and against the defendant Sam Karsman, in the sum of $828.59 and interest. The condition of the garnishment bond, upon which the petition declares, is as follows: "Now should the plaintiff pay to the said defendant all costs and damages that may be sustained by the said defendant in consequence of suing out said

garnishment in the event that plaintiff shall fail to recover in said suit; or in event the amount sworn to be due on said judgment is not due, and in the event that the property or money sought to be garnished is not subject to garnishment process, then this bond to be void."

The proposition upon which counsel for the plaintiff in error rest their argument is that "An action upon a statutory garnishment bond being an action arising ex contractu, where a plaintiff executes such bond and names therein a specific defendant, and by traverse to the garnishee's answer to the summons of garnishment, and also by the pleadings in the cause upon which the garnishment is predicated, seeks to subject the funds of a specific defendant named in the bond to the payment of the obligation sued upon and fails to recover, he is estopped to deny his liability under the garnishment bond." This proposition may be perfectly true, yet it fails to meet the situation presented in this case. Here the specific defendant named in the bond is the firm or co-partnership of Rose Karsman and Sam Karsman, trading and doing business as S. Karsman, and not Rose Karsman individually. The bond was to remain in full force and effect only "in the event that plaintiff fail to recover in said suit . . and in the event that the property or money sought to be garnished is not subject to garnishment process," while in fact the plaintiff was awarded a recovery in said suit, as indicated by the verdict against Sam Karsman and in favor of the plaintiff. It is manifest that the expenses incurred by Mrs. Karsman which she sought to recover were in the main incurred in defending her interest in the main suit,—not in the defense of the garnishment proceedings separately instituted in the municipal court. Such damages are not stipulated in the garnishment bond, and obviously are not recoverable in any action thereon. As pointed out in the opinion and judgment of the learned judge of the superior court: "This suit is not only against the principal but against the surety. The rule is stricti juris." We hold that the trial judge did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*