### 22703. UNION RELIEF ASSOCIATION v. EVANS.

SUTTON, J. The defendant was a mutual assessment and burial-benefit relief association. Plaintiff's husband was a member thereof, and on his death and the subsequent refusal of the defendant to pay the assessment and burial benefit to which the plaintiff claimed she was entitled upon her husband's death, she brought this suit. From the uncontradicted evidence and facts alleged in the answer of the defendant, it appears that on August 6, 1931, at the last regular meeting of the defendant attended by the plaintiff's husband, he was in arrears $5.50 on account of assessments and dues; that the constitution and by-laws of the defendant provide that any member in arrears three months for dues or fines and any member who owes dues, fines, and assessments in the amount of $1.50 shall be expelled from the association; that the plaintiff's husband was informed by the defendant that he was out of benefit and "unfinancial;" that he was not expelled from the association, but was allowed to attend the meeting as a member; that the defendant accepted from him a payment of a part of his dues and asked him for the balance; and that before the next regular meeting of the association he died without having paid the balance of his dues and assessments. The jury returned a verdict for the plaintiff, and the defendant made a motion for a new trial on the general grounds and certain special grounds. The trial judge overruled the motion, and the defendant excepted. *Held:*

1. Where the constitution and by-laws of a mutual assessment and burial benefit association provide that any member in arrears for dues or fines and any member who owes dues, fines and assessments in the amount of $1.50 shall be expelled therefrom, this will not ipso facto amount to a forfeiture of the benefits where the member at the time of his death was thus in arrears. There must be some judicatory or affirmative action by the association, declaring the member suspended or expelled. Merely informing the member in arrears that he was out of benefit and "unfinancial" does not amount to such affirmative action on the part of the association, and especially is this so where the member is allowed to sit at the meeting as a member, and payment of a part of his arrears is accepted, and the balance thereof is demanded by the association. *Starnes v. Atlanta Police Protective Association*, 2 *Ga. App.* 237 (58 S. E. 481); *Farmers Mutual Co-operative Fire Insurance Co.* v. *Kilgore*, 39 *Ga. App.* 528 (147 S. E. 725).

2. Even if, under the constitution and by-laws of such association, no affirmative action is necessary in order to work a forfeiture of the benefits for nonpayment of dues and assessments, the subsequent acceptance of a portion of such dues and assessments and a demand for payment of the balance thereof is a waiver of the forfeiture, and an acknowledgment that the delinquent member is still entitled to the benefits conferred by reason of his membership in the association. *Farmers &c. Asso.* v. *Elliott*, 4 *Ga. App.* 342 (61 S. E. 493); *Williams* v. *Empire &c. Ins. Co.*, 8 *Ga. App.* 303 (7) (68 S. E. 1082).

3. Under the principles laid down above, the verdict found for the plaintiff was demanded by the evidence; and the result would not have been different had the evidence objected to by the defendant been excluded. Furthermore, such evidence was admissible. It follows that the admission of this evidence and any errors in the charge of the court, if there were any, were immaterial and harmless, and that the trial judge properly overruled the motion for new trial. *Evans* v. *North Carolina &c. Ins. Co.*, 39 *Ga. App.* 774 (148 S. E. 345); *Beasley Motor Co.* v. *Cowart*, 41 *Ga. App.* 684 (4) (154 S. E. 458); *Futrelle* v. *Karsman*, 41 *Ga. App.* 765 (154 S. E. 714).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 3, 1933.

*W. D. Lanier*, for plaintiff in error. *Hammond & Kennedy*, contra.

