DANIEL *v.* ETHEREDGE *et al.*

No. 14154. NOVEMBER 12, 1942.

*Pierce Brothers, W. K. Miller, Joel H. Terrell, Randall Evans Jr.,* and *George Gordon Battle,* for plaintiff.

*W. Tom Veazey, Ficklen & Pilcher,* and *J. Cecil Davis,* for defendants.

HEWLETT, Justice. 1. "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of court or justice of the peace shall enter such dismissal on the docket. After a plea of set-off or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." Code, § 3-510.

2. The material portion of the answer in the instant case was; "By way of cross-bill, these defendants pray that this Honorable Court inquire into the acts and doings of said J. Lee Etheredge Jr., under the power of attorney from Mrs. Eloise Baker Daniel, and make a legal finding that said J. Lee Etheredge Jr., has measured up to his trust, and provide for a full and complete acquittance of said trust upon the turning over of Mrs. Daniel's property to said Mrs. Daniel or such person as may be designated by her." Inasmuch as the answer contains no plea of set-off, or prayer for affirmative relief, the entry of dismissal by the plaintiff's counsel should have been given effect; and the court erred in sustaining the defendants' objection to the dismissal of the suit, as complained of in the exceptions pendente lite filed by the plaintiff. *Harry L. Winter Inc.* v. *Peoples Bank of Calhoun,* 166 *Ga.* 385 (3) (143 S. E. 387); 27 C. J. S. 183, § 27; 2 Words and Phrases, 671, and cit. The court having erroneously held that the plaintiff could not dismiss her case, what took place subsequently in the trial was nugatory, and it is unnecessary to discuss other assignments of error in the motion for a new trial.

*Judgment reversed. All the Justices concur.*