## 34369. CHRISTIAN *v.* McBRYAR.

DECIDED APRIL 22, 1953.

*Gleason & Painter,* for plaintiff in error.
*Wade H. Leonard,* contra.

WORRILL, J. Lewis McBryar sued J. C. Christian on a certain promissory note. The defendant filed an answer, in which he denied every allegation of the petition and further pleaded: "And now having fully answered plaintiff's petition, defendant avers: (a) That said note has been paid in full and that there is no sum whatsoever owing or due thereon. (b) For further answer, defendant avers that said note was given for the purchase price of fertilizer, aggregating $90.00 and that the fertilizer bill was paid in full. The remainder of said note represents a grocery bill, which grocery bill was paid in full by defendant's labor as an employee of the payees of said note. And now having fully answered defendant prays to be dismissed with the cost of said action taxed against the plaintiff."

The defendant also filed general and special demurrers to the petition. The trial court sustained one of the demurrers and overruled the remaining ones. To so much of the order as overruled his demurrers, the defendant excepted pendente lite and assigned error thereon in his bill of exceptions. The case proceeded to trial, and upon the conclusion of the evidence the plaintiff moved to dismiss his action. The trial court granted the motion over the objection of the defendant and entered an order dismissing the action on the plaintiff's motion. Error is assigned

in the bill of exceptions on this latter order, and on certain other interlocutory orders, but the sole question argued by counsel for the plaintiff in error and insisted upon before this court is that the trial court improperly permitted the plaintiff to dismiss his suit over the objection of the defendant. It is contended that the answer amounted to a setoff, and that the defendant's rights have been or will be adversely affected if the plaintiff is allowed to dismiss over the defendant's objection.

It will be noted from the above-quoted portion of the answer that there was no prayer for affirmative relief. It is clear that the matter pleaded in the answer was merely defensive and went only to show that the amount claimed by the plaintiff as owing to him by the defendant was not in fact owing, but that the defendant had paid the note sued on in full, and the special plea quoted merely went a step further and showed in general terms just how the defendant contended he had paid the note. There was no defense filed which could not be asserted with equal force and effectiveness by the defendant in any other action founded on the note. In view of these facts, the trial court did not err in permitting the plaintiff to dismiss his petition. See *Harry L. Winter, Inc.* v. *Peoples Bank,* 166 *Ga.* 385 (3), 389-393 (143 S. E. 387); *Davenport* v. *Hardman,* 184 *Ga.* 518 (1) (192 S. E. 11); *Daniel* v. *Etheredge,* 194 *Ga.* 860, 862 (22 S. E. 2d, 807).

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*