22712. HOWARD v. HOUSING AUTHORITY OF THE CITY OF COLLEGE PARK et al.

ARGUED NOVEMBER 10, 1965—DECIDED JANUARY 7, 1965—
REHEARING DENIED FEBRUARY 18, 1965.

*Houston White,* for plaintiff in error.

*Griffin Patrick, Jr., Paul H. Anderson, Harold Sheats,* contra.

HEAD, Presiding Justice. In the order of May 4, 1964, (the only order excepted to which was entered in the case under review) it was held that the condemnor's dismissal of its first petition was effective to terminate all litigation in that case, and it was ordered that the cross petition of the condemnee in the first case be dismissed. The questions made by the assignments of error on this order do not require a ruling as to whether or not the cross petition of the condemnee stated a cause of action, but they do require an exploration of the nature and character of the equitable cross petition to determine whether the dismissal of the petition of the condemnor was effective to dismiss the cross petition of the condemnee. This court, and not the Court of Appeals, has jurisdiction of the questions made concerning the dismissal of the equitable cross petition. *Harrell v. Parker,* 186 Ga. 760 (1) (198 SE 776); *Hicks v. Atlanta Trust Co.,* 187 Ga. 314, 315 (3) (200 SE 301); *Kidd v. Finch,* 188 Ga. 492, 496 (4 SE2d 187); *Shoup v. Elliott,* 192 Ga. 213 (14 SE2d 736); *O'Rear v. Lamb,* 194 Ga. 455 (22 SE2d 74); *Wild v. Krenke,* 206 Ga. 83 (55 SE2d 544).

In *Central Georgia Power Co. v. Nolan,* 135 Ga. 443 (2) (69 SE 561), it was held: "While a condemnor under the power of eminent domain may not have the right, by dismissal or abandonment after award, to escape the results of it and institute a new proceeding to condemn the same property, yet where a condemnor had the right to dismiss a condemnation proceeding while it was in an inchoate state and subject to dismissal, the exercise of such right did not operate as a bar to the institution of a second proceeding for the purpose of condemning."

In *Central of Georgia R. Co. v. Thomas,* 167 Ga. 110 (144 SE 739), condemnation proceedings had been instituted and an award of assessors had been made. Within ten days from the

making of the award, and before its filing with the clerk of the superior court, the condemnor dismissed the entire proceeding. Subsequently, the condemnor attempted to file a second condemnation proceeding, which the condemnee sought to enjoin. The case of *Central Georgia Power Co. v. Nolan,* 135 Ga. 443, supra, was distinguished, and it was held that equity will not allow a condemnor, "after having had the benefit of a trial before assessors," to dismiss the first proceeding and institute a second proceeding. P. 113.

In the present case, at the time the clerk entered the dismissal by the condemnor there had been no award by assessors, and no determination of the issues made by the cross petition of the condemnee seeking to enjoin the condemnation proceeding. The condemnor in the present case had the right to dismiss the first petition, and thereafter to file a second petition seeking to condemn a part of the lands of the condemnee sought to be condemned in the first petition. The dismissal was effective on the date of January 31, 1964.

■ *Code* § 3-510 provides: "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of court . . . shall enter such dismissal on the docket. After a plea of set-off or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court."

The answer of the condemnee in the present case, after denying the allegations of the petition of the condemnor, included a cross petition asserting equitable rights. This court has held that all matters in opposition to a petition to condemn property must be filed in the condemnation proceeding, when the petition is filed under the provisions of Chapter 36-11 of the Code. *Mitchell v. State Highway Dept.,* 216 Ga. 517 (118 SE2d 88, 93 ALR2d 459). It is strongly urged by the condemnee that the condemnor by the dismissal of the proceeding could not effectuate the dismissal of the cross petition, and that the trial judge erred in dismissing the cross petition of the condemnee.

We summarize the allegations of the lengthy cross petition of

the condemnee as follows: The power of eminent domain sought to be exercised by the condemnor purports to be based upon the provisions of the "Housing Authorities Law" of 1937 (Ga. L. 1937, pp. 210-230), as amended. The only provision of such law and the amendments thereto applicable to a proceeding involving undeveloped, vacant land, such as is sought to be condemned in the present proceeding, is Section 15 of the Redevelopment Act of 1946, as added by an amendment thereto by Ga. L. 1951, pp. 683, 690 (*Code Ann.* § 99-1214a), and the condemnor is not entitled to use the provisions of Section 15 because the City Council did not pass the resolution required by this section prior to filing the condemnation proceeding, and because Section 15 is unconstitutional for stated reasons. The provisions of the Acts of 1937, 1939, 1946, and 1951 granting the power of eminent domain to a housing authority (Ga. L. 1937, pp. 210, 223; Ga. L. 1939, pp. 112, 121; Ga. L. 1946, pp. 157, 160; Ga. L. 1951, pp. 683, 687) violate the due process clause of the State Constitution. The condemnee's property is forest land, and is not a slum area. The State Highway Department has planned a limited access highway 200 feet in depth along the south side of the property. The condemnor purportedly seeks to condemn the land for public housing purposes but does not intend to use all of it for those purposes, intending to deed the strip 200 feet in depth to the State Highway Department, or Fulton County, for limited access highway purposes. For these, and other alleged reasons, the exercise of the power of eminent domain as applied to the facts in this case is contrary to the due process of law provision of the Constitution, being arbitrary, capricious, and in bad faith. Stated sections of the Acts of 1937, 1939, 1946, and 1951 are contrary to the Constitution, Art. I, Sec. I, Par. III (*Code Ann.* § 2-103); Art. I, Sec. III, Par. I (*Code Ann. Supp.* § 2-301); and Article XVI, entitled "Slum Clearance," (*Code Ann. Supp.* § 2-8501); both as a matter of constitutional construction, and in their application to the facts of the case. The act of the condemnor in passing a resolution declaring that the acquisition of the property of the condemnee is necessary for its purposes, and its act in seeking to acquire by condemnation the property of the condemnee for low-rent hous-

ing purposes, are contrary to the Constitution, Art. XVI (*Code Ann. Supp.* § 2-8501). The terms "slum" and "housing project" are defined in stated sections of the Housing Authority Law, as amended, and such sections can not be construed to include the property of the condemnee sought to be taken, since such property is forest land, and to construe the terms "slum area" and "housing project," as defined by the General Assembly, to include this property would be contrary to the Constitution, Art. XVI (*Code Ann. Supp.* § 2-8501). The terms "blighted areas" and "redevelopment project" as defined in Ga. L. 1946, pp. 157, 159, as amended by Ga. L. 1951, pp. 683, 685 (*Code Ann.* § 99-1203a) can not be construed to include the property of condemnee, and to construe such terms as applying to the property is contrary to the Constitution, Art. XVI (*Code Ann. Supp.* § 2-8501). The resolutions under which the condemnor is seeking to condemn the property are illegal because they were passed at a meeting that was held illegally. No public hearing has been held by the condemnor with respect to the land of the condemnee sought to be acquired as required by provisions of a cited Act of Congress. An Act approved March 9, 1962 (Ga. L. 1962, pp. 734, 735), is contrary to the Constitution, Art. I, Sec. I, Par. XXIII (*Code Ann.* § 2-123); and Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401).

The prayers of the answer and cross petition were that the condemnation suit be dismissed; that the cross petition of the condemnee be sustained; that the condemnor be enjoined, both temporarily and permanently, from proceeding with the condemnation of the land; and for further general relief.

"Where the answer of the defendant is purely defensive, the plaintiff may dismiss his action, either in term or vacation, without any leave or order of the court." *Davenport v. Hardman,* 184 Ga. 518 (192 SE 11). "The provisions of the Code section cited above [*Code* § 3-510], that the plaintiff may voluntarily dismiss the action 'if he shall not thereby prejudice any right of the defendant,' refers to those rights which are specified in the last sentence of the section, to wit, equitable claims by way of setoff or otherwise, which the defendant sets up in his answer." *Trusco Finance Co. v. McGee,* 206 Ga. 382, 384 (57 SE2d 184);

*Daniel v. Etheredge,* 194 Ga. 860 (22 SE2d 807) ; *Spence v. Dyal,* 202 Ga. 739 (44 SE2d 658). In *Harry L. Winter, Inc. v. Peoples Bank of Calhoun,* 166 Ga. 385, 393 (143 SE 387), this court quoted with approval from Corpus Juris as follows: "The plaintiff may dismiss any claim where such dismissal will not prejudicially affect the interests of defendant, but he will not be permitted to dismiss, to discontinue, or to take a nonsuit, when by so doing defendant's rights will be prejudiced, or he will be deprived of any just defense. Nevertheless, the injury which will thus be occasioned to defendant must be of such a character that it deprives him of some substantive rights concerning his defenses not available in a second suit or that may be endangered by the dismissal, and not the mere ordinary inconveniences of double litigation which in the eye of the law would be compensated by costs."

All of the matters set up in the answer and cross petition of the condemnee were defensive to the petition seeking condemnation of his property. When the condemnor dismissed its condemnation proceeding, there was nothing to enjoin in that case, and the litigation was terminated. Defenses to the new condemnation petition must be filed in that proceeding.

The trial judge did not err in dismissing the cross petition of the condemnee.

*Judgment affirmed. All the Justices concur.*