ELIZA M. KEAN, guardian, plaintiff in error, *vs.* HENRY LATHROP, defendant in error.

1. A complainant may dismiss his bill, either in term or vacation, without any leave or order. If done in term, that the presiding judge was formerly of counsel and filed the bill, will not prevent the act from being effective.
2. Nor will the dismissal be ineffective or incomplete because the defendant has answered, and made discovery called for by the bill, the answer being merely defensive, setting up no counter-claim, and praying for no relief against the complainant.
3. Whether, in a second bill for the same matter or cause of action, filed after the first was dismissed, the complainant can waive discovery, and thereby deprive the defendant of the benefit of his answer as evidence—*quaere ?*

JACKSON, Judge, dissented.

Equity. Discovery. Practice in the Superior Court. Judge. Before Judge HARRIS. Chatham Superior Court. May Term, 1876.

On January 13th, 1876, Eliza M. Kean, as guardian of her lunatic husband, filed her bill against Henry Lathrop, for an account of the property and assets of her ward, which she charged went into the possession of said defendant at the time her husband became *non compos mentis.* Amongst other defenses, the defendant pleaded, that at the November term, 1874, of Chatham superior court, the complainant exhibited her bill against the defendant, in all respects identical with the present bill, except that the former contained a prayer for discovery, whilst the latter does not ; that the defendant made answer to such bill under oath, and made full and complete discovery of all the matters and things complained of ; that complainant, after obtaining such discovery, entered on the former bill the indorsement : " Dismissed without prejudice," and immediately filed her present bill, in which she expressly waives discovery, in order to avoid the effect of defendant's answer ; that said dismissal was not by any act or consent of defendant, nor by any order of court passed on notice to him, and, therefore, said

first bill is lawfully pending, so far as defendant's rights are concerned. He, therefore, pleads the same in bar to the present bill, and demands the judgment of the court, whether he shall be put to make any further or other answer thereto.

The question made by this plea was submitted to the chancellor without the intervention of a jury. In addition to the facts therein set forth, it appeared that the entry of dismissal was made in term time, when Judge Tompkins, formerly of counsel for complainant, was presiding; that no notice of any application to dismiss, or of the dismissal, was given to defendant. The chancellor held that the first bill was still pending, and dismissed the second. To this ruling the complainant excepted.

A. P. & S. B. ADAMS, for plaintiff in error.

J. R. SAUSSY, for defendant.

BLECKLEY, Judge.

1. " The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, and, if done in term time, the clerk or justice shall enter such dismissal on the docket." Code, §3447. "A complainant may dismiss his bill at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. If equitable claims, by way of set-off or otherwise, have been set up by the answer, the dismissal of the bill shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding." Code, §4190. Under these sections of the Code, whoever has a case in any court, may dismiss it before trial without any leave or order, and without notice to the opposite party; and if done in term time, it makes no difference that the judge presiding is disqualified to try it. When dismissal is solely the act of the party, and may take place as well in vacation as in term, the constitution of the court, at the time the party does the

act, is immaterial. As there is no occasion for judicial action, it matters not that the judge on the bench has once been of counsel in the cause.

2. 3. In dismissing a bill, however, the complainant is to prejudice no *right* of the defendant. If the defendant has answered, making discovery called for, or discovery not waived, but confining his answer to defensive matters, and praying for no relief against the complainant, he does not thereby acquire the right to retain the complainant's case, in court, and have it tried. His only right in that case, resulting from the filing of a defensive answer, is to use his answer as evidence, so far as it is responsive to the bill, in the event a trial shall take place. But no trial can take place after the complainant has dismissed his bill. By dismissing his bill, the complainant withdraws from the court, and is no longer a suitor for relief. There is nothing left to defend, and the answer being wholly defensive, its mission is accomplished. It is true, that after obtaining discovery, the complainant could not shun the force of the answer as evidence by subsequent waiver, leaving the bill in court, and introducing the waiver by amendment—50 *Ga.*, 53. But it is not a consequence of this rule of law that the bill cannot be dismissed—see 4 Paige, 227. The dismissal of the bill does not harm the defendant. Were no second bill ever brought for the same cause, he would be benefitted. His real grievance is, not that the first was dismissed, but that the second was brought; and even that would not materially change his situation if the second did not waive discovery. Possibly, after obtaining discovery by the first bill, the complainant may be precluded from waiving it effectually in the second. It may be that the defendant can answer just as he responded to the former bill, and make good his right to use the answer by connecting it with the fact of the former discovery. To rule that question now would be premature, as it is not made in the record, and has undergone no adjudication in the court below. If no second bill had been filed, the first would undoubtedly have

been out of court, and would have remained out, the complainant having dismissed it in term time, before the second was filed, and having caused the dismissal to be entered both on the docket and the minutes of the court. The filing of a second bill did not reinstate the first; and, therefore, the court erred in ruling that the first was still pending, in sustaining the defendant's plea to that effect, and in dismissing the second bill upon that plea.

Judgment reversed.

WARNER, Chief Justice, concurred, but furnished no written opinion.

JACKSON, Judge, dissenting.

1. The right to a defendant in equity to use his sworn answer when forced from him by discovery, is a great right—of consequence to him—inasmuch as it cannot be overcome except by the oaths of two witnesses, or one witness and strong corroborating circumstances. This right was recognized by this court in 50 *Ga.*, 53, where it was held that after a complainant had sought and got defendant's answer, he could not waive discovery so as to prevent the defendant from using it, and having applied to it the rule that it must be overcome by two witnesses, or one witness and strong corroborating circumstances. I do not think that equity, which despises and spurns from her shrine all guile, and fraud, and tricks, and traps, will permit that to be done indirectly, which she would repel if attempted directly; and, therefore, I think equity will not allow a complainant, after he has sought and got discovery, and it does not suit him, immediately to dismiss his bill and bring another exactly like it, in which he waives all discovery. Equity will not allow this to be done so as to avoid the right of the defendant to use the answer *to the case in the case;* and the mere dismissal and immediate renewal of it does not change the substance of the case. *It is the same case still.* Equity follows no shadow, but

seeks substance.    It sticks in no bark, but cuts to the very heart of the tree.

2. In England, while the complainant could move to dismiss his bill as a matter of course, such dismissal was by order alone of the chancellor, and on notice to the defendant—2 Daniel's Chan. Pr., 929–930.    By our Code he may dismiss in term or vacation, "*so that he does not thereby prejudice any right of the defendant*"—Code, §4190; as much as to say, if any right of the defendant be thereby prejudiced, he cannot dismiss it.    In this case the right of defendant to use his answer as evidence so strong as to equal two witnesses, was not only prejudiced, but actually destroyed, unless the complainant, when he dismissed, had been put upon terms to allow defendant so to use it in the renewed case.    But the defendant had no notice of the motion to dismiss, though made in term; and it was made, too, before Judge Tompkins, the counsel of the complainant before his accession to the bench, and was, therefore, wholly illegal, unless it be ruled that counsel may preside on the bench in cases in which they were employed at the bar. Certainly this judge could not hear objection or pass judgment upon the motion.    The case stands, therefore, as not dismissed, but still pending.    Everything done in term, done on the dockets and put on the minutes, as this dismissal was, must necessarily be done under the supervision and by authority of the judge; and he must be competent by freedom from interest, to pass judgment upon the subject matter and between the parties.

3. Can it be doubted that if a chancellor, competent to preside, either in England or in this country, had been sitting when this motion was made, and if it had been proven to him that the sole object of dismissing the bill was to "prejudice the right of defendant" to use his answer, and that complainant had already prepared another bill exactly like that he proposed to dismiss, to the very crossing of the t's and the dotting of the i's, ready to file the moment that the other was dismissed; that it was, in truth, the mere renewal of the

same bill, and that the only object was to do indirectly what he could not do directly by any amendment, can it be doubted that upon such proof (and they are the admitted facts in this case), any impartial chancellor, in either country, would forbid such "whipping the devil round the stump," and either deny the motion to dismiss, or provide that the right of defendant to use his sworn answer should be preserved in the renewed case? I think not; and especially do I think so where, in a case like this, the defendant cannot be permitted to testify at all unless his right to his answer be preserved. Inasmuch as this court declines either to affirm the judgment of the court below, which allowed the plea of the pendency of the first bill, or to pass an order saving the right of the defendant to use his answer on the trial of the renewed bill, I dissent from the judgment of reversal.