## JACKSON *v.* ROANE.

In the absence of a plea or answer by the defendant claiming affirmative relief as against the plaintiff, the latter may, in vacation, dismiss his equitable petition for a general accounting, even though prior to such dismissal the matters of account involved had been referred to and were in process of determination by an auditor.

March 18, 1895.  Brought forward from the last term.  Code, §4271(a-c).

Equitable petition.  Before Judge McWHORTER.  Oglethorpe superior court.  April term, 1894.

W. M. & M. P. REESE and S. H. HARDEMAN, for plaintiff.

W. M. HOWARD and WILLIAM WYNNE, for defendant.

SIMMONS, Chief Justice.

Jackson sued Roane for an accounting of the partnership affairs of the firm of Roane & Jackson.  The defendant's attorneys had an entry of "answered" made upon the docket at the appearance term, but further

than this no plea was filed. On the motion of the plaintiff the case was referred to an auditor, but before the auditor made any report the plaintiff dismissed his case in vacation, and so notified the auditor, and by written order entered on the original declaration instructed the clerk of the court to enter the case dismissed on the docket. At the next term, the court, on objection by counsel for the defendant, held that the plaintiff was not entitled to dismiss, and retained the case for trial. To this ruling the plaintiff excepted.

We think the court erred in so holding. Section 3447 of the code declares that "the plaintiff in any action, in any court, may dismiss his action either in vacation or in term time; and if done in term time, the clerk or justice shall enter such dismissal on the docket." Section 4190 declares that "a complainant may dismiss his bill at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. If equitable claims by way of set-off or otherwise have been set up by the answer, the dismissal of the bill shall not interfere with defendant's rights to a hearing and trial on such claims in that proceeding." The section last cited has been construed to mean that the rights of the defendant which the complainant cannot prejudice by dismissing the bill, are mainly those specified in the last clause of the section, to wit: equitable claims by way of set-off or otherwise, which the defendant has set up in his answer. (*Evans* v. *Sheldon*, 69 *Ga.* 110, and cases cited.) In *Kean* v. *Lathrop*, 58 *Ga.* 355, and *Harris* v. *Hines*, 59 *Ga.* 427, it was held that if the answer was merely defensive, and there was no set-off or other prayer for equitable relief in the nature of a cross-bill, the complainant had a right to dismiss the bill. In the present case, as we have seen, there was no further plea than the entry of "answered," the equivalent of the general issue. There being no plea or answer claiming

affirmative relief, it is plain, under the rulings above referred to, that the defendant could not prevent the plaintiff from dismissing his petition. The mere fact that the matter had been referred to an auditor could make no difference.          *Judgment reversed.*