## KISER COMPANY *v.* BONNETT *et al.*

1. The rights of persons who may have a cause of action and a right to intervention, but who have not intervened, in an equitable petition by virtue of which an injunction has been granted and a receiver appointed at the instance of the plaintiff, do not prevent the plaintiff from dismissing his action under the provisions of § 5627 of the Civil Code.

2. A plaintiff may dismiss his suit which is pending in any court of this State, either in term time or in vacation, where some right of the defendant is not prejudiced thereby, except in a proceeding in which a receiver to take charge of the assets of the defendant has been appointed and the holder of a lien or other creditor of the defendant by proper petition or intervention has been made a party to the action before the dismissal. The facts of the case at bar differentiate it from those involved in the case of *Fountain* v. *Mills*, 111 *Ga.* 122 (36 S. E. 428), especially since in this case the receiver had not taken possession of the fund at the time of the dismissal of the suit, and indeed had not qualified, as appears from the agreed statement of facts.

No. 3801. February 15, 1924.

Equitable petition; intervention. Before Judge Eve. Irwin superior court. April 28, 1923.

Miller Company and Neuberger & Sons filed an equitable petition against D. Bonnett, asking that he be restrained and enjoined from receiving from his trustee in bankruptcy $1600 in money which had been set aside to him as a homestead exemption by the district court of the United States for the southern district of Georgia, praying that a receiver be appointed to receive said money and pay it over to the petitioners to the extent of their claims against the defendant. On February 21, 1923, an order was granted restraining the defendant from receiving the fund, and appointing a receiver who was directed to receive the same from the trustee and hold it until the further order of the court. The defendant was served with a copy of the petition and the order on February 22, 1923. On February 23, 1923, M. C. Kiser Co., the plaintiff in error, presented a petition to the judge of the superior

court, alleging that the petitioner was a creditor of the defendant and held his written waiver of homestead exemption, and praying that the defendant be enjoined from receiving the aforementioned sum of money from his trustee in bankruptcy, that a receiver be appointed to hold the sum until the further order of the court, and that upon the final hearing there be ordered to be paid to petitioner the amount of its claim. The judge refused to sanction the petition, stating to petitioner's attorneys that upon a similar petition presented in behalf of Miller Company et al., on February 21, 1923, the court had already enjoined the defendant from receiving the money from the trustee, and had appointed a receiver to receive the same from the trustee. On February 26, 1923, without the knowledge of the judge of Irwin superior court or of the M. C. Kiser Co., the attorneys of record for Miller Company, Messrs. Quincy & Rice, filed with the clerk of the superior court a written dismissal (after stating the case) as follows: "Now comes plaintiff and withdraws and dismisses the petition in the above-stated case." On February 28, 1923, M. C. Kiser Co. presented to the said judge a petition describing its claim against D. Bonnett, alleging the possession of the written waiver of homestead exemption, and praying to be allowed to intervene in the proceedings of Miller Co. et al. *v.* D. Bonnett; which intervention the judge allowed and ordered the same to be filed with the clerk of the superior court, and this intervention was filed on March 1, 1923. On March 5, 1923, Kiser Company presented a supplemental petition alleging that the defendant had violated the restraining order of February 21, 1923, by receiving from the trustee in bankruptcy the exemption of $1600, praying that the defendant show cause why he should not be adjudged in contempt of court, and that he be required to restore the status at the time of the filing of the original petition by paying the money to the receiver. On March 5, 1923, four days after the intervention, the judge signed an order requiring service of the supplemental petition and order, and that the defendant show cause why he should not be adjudged in contempt of court and why he should not restore the status. It appears from the agreed statement of facts that "The receiver named by the State court and the trustee of the bankrupt estate were one and the same person. After payment of the exemption to the bankrupt and upon direction of the judge of the State court, he qualified

as receiver in the State court by taking oath as required in the order appointing him."

The cause was heard on April 14, 1923, upon an agreed statement of facts which was approved by the court, but judgment was reserved until April 28, 1923, when the judge entered an order denying the prayers of the petition and discharging the defendant; to which judgment the plaintiff in error excepts upon the grounds following: (a) That the judgment was contrary to law. (b) That it was contrary to the evidence. (c) That under the law and the evidence the plaintiff in error was entitled to the relief sought. (d) That the judgment was of necessity based upon an erroneous finding of fact, to wit: that the original petition of Daniel Miller Company et al. against D. Bonnett had been dismissed prior to the intervention of M. C. Kiser Company. (e) That the judgment was of necessity based upon an erroneous finding of fact, to wit: that the injunction and restraining order of February 21, 1923, was dissolved by the subsequent withdrawal and dismissal filed by the original plaintiffs on February 26, 1923, without any order of dismissal granted by the court and without any entry of dismissal made upon the docket by the clerk. (f) That the judgment was of necessity based upon the erroneous conclusion of law that an equitable petition may be dismissed without an order of the court. (g) That the judgment was of necessity based upon the erroneous conclusion of law that a petition in equity, upon which the court has issued a restraining order and has appointed a receiver, may thereafter be dismissed by the plaintiffs without an order of the court. (h) That said judgment was of necessity based upon the erroneous conclusion of law that an equitable petition upon which a restraining order has been issued and a receiver appointed may be dismissed by the plaintiff in vacation without an entry of dismissal made upon the docket by the clerk. (i) That the judgment was of necessity based upon the erroneous conclusion of law that a petitioner who has obtained from a court of equity a protective restraining order and the appointment of a receiver for the preservation of property may dissolve and vacate such restraining order and terminate the receiver's right of possession by filing in the office of the clerk of the court a written withdrawal and dismissal of the original petition, without any order of the judge, and without any entry of dismissal

made on the docket by the clerk, although after the issuance of the injunction and appointment of a receiver other persons interested in the fund have petitioned the court for similar relief, have been denied relief because of the prior proceedings for protection of their rights, and have sought to intervene in the prior proceedings as parties plaintiff. (*j*) That the judgment was of necessity based upon the erroneous conclusion of law that the dismissal order filed by the original petitioners on February 26, 1923, operated to dissolve the restraining order granted by the court on February 21, 1923, although the court did not grant leave to dismiss, did not sign any order of dismissal, did not pass an order dissolving the injunction, and although the clerk did not enter such dismissal upon the docket.

*Fulwood & Hargrett,* for plaintiff.

*H. E. Oxford* and *Quincey & Rice,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) We find no error in the judgment of the chancellor. Section 5627 of the Civil Code (1910) is as follows: "Actions may be dismissed at any time. The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, and, if done in term time, the clerk or justice shall enter such dismissal on the docket." This section, taken from the act of 1843 (Cobb's Digest, 475) has been of force for more than eighty years, and has appeared in all the Codes which have ever been adopted. As set forth in the act of 1843 itself, the act was designed to remedy an evil which had theretofore existed to the inconvenience of the people and to the encouragement of prolonged litigation. Section 1 of the act is as follows: "Whereas inconvenience and delay frequently occur by reason that parties plaintiff who commenced suits in the superior or inferior and other courts of this State cannot dismiss their actions except at the regular terms of said courts, be it therefore enacted, . . that from and after the passage of this act parties plaintiff who have commenced or may hereafter commence suits in the superior or inferior and other courts of this State, be and they are hereby authorized to dismiss their actions during the vacation of said courts, on the same terms they are now authorized to dismiss actions at the regular terms of said courts. Provided, that such dismissal shall be first entered on the docket by the clerk of the court in which said suit ·may be pending,

during the vacation of said court." Obviously it was not intended that any plaintiff who desired to dismiss an action in the superior court would be required to obtain an order from the judge of the superior court before voluntarily withdrawing, of his own motion, a case in which such plaintiff had the paramount interest. It will be remembered that at that time the judicial circuits of this State, unlike those of the present era, covered many counties, and means of communication were very few. It will be noted that the privilege accorded the plaintiff of dismissing in vacation existed only as to "his" action; and as dismissal entailed upon the plaintiff the payment of the costs, there was then, and is now, but little reason why this right should not be accorded to every plaintiff in every case as given by the act of 1843. We do not think, therefore, that in case of a dismissal in vacation there is any necessity that the judge should be advised in advance; and as the duties of a judge of the superior court are sufficiently multitudinous, there are many reasons why his mind should not be distracted from more important matters.

The law provides, where the defendant sets up any affirmative defense by way of set-off or recoupment, that the plaintiff cannot dismiss his suit so as to affect the rights of the defendant; and it has been held that where a defendant has filed a plea in the nature of a counter-claim, the dismissal of the plaintiff's petition did not affect the defendant's right to proceed to recover the amount claimed in his answer. However, these principles do not seem to affect the present case. The plaintiff in error was told by the judge of the superior court that a petition of the same nature as the plaintiff in error was proposing to file had been sanctioned, and that a receiver had been appointed, and suggested to counsel to intervene in that petition. This was on February 23, 1923, and yet the plaintiff in error did not in fact ask an order permitting it to intervene until February 28, 1923. The plaintiff in error could easily have intervened before the plaintiffs, Miller Company and Neuberger & Sons, dismissed their suit; and apparently the only reason they did not do so was that they did not foresee the possibility of a settlement between the debtor and Miller Co. and Neuberger & Sons. Vigilantibus et non dormientibus jura subveniunt.

The point is made that the paper filed with the clerk, to wit:

(after fully stating the case) "Now comes plaintiff and withdraws and dismisses the petition in the above case. This Feb. 26, 1923. Quincey & Rice, Attorneys for Plaintiff," is insufficient because no entry of dismissal was made on the docket. Where the plaintiff dismisses his action in vacation, no entry is required to be made upon the docket. All such entries are to be made in term time. Why the change should have been made in the original requirement of the act of 1843, supra, from a requirement in that act that the entry of dismissal should be made in vacation to the requirement of the Code section as it appears in all of the Codes it is now profitless to inquire. But the Code is the law. *Central Railway Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518). It is true that the mere omission of a statute from the Code does not always affect its validity (*Daniel* v. *Jackson,* 53 *Ga.* 87); but where the law as adopted as a part of the Code is entirely repugnant to the previous statute upon the same subject and the law as declared in the Code is adopted by the General Assembly, the effect is to enact the law as contained in the Code and to repeal any statute upon the same subject which is directly to the contrary of that contained in the Code. However, in this instance, we see a good reason why the provision as to the entry of the dismissal should have been changed from the requirement that the entry be made in vacation to the requirement that such entry be made by the clerk in term time. As just previously stated, it was not intended that the judge, who might be busily engaged in holding court in one of the several counties of his circuit, should be put to the trouble of signing an order for dismissal in a case in which no one had a right to object, and therefore there is no reason why the judge's approval of the dismissal is required. In vacation the judge is not concerned with the entries upon his docket. But when he goes to hold court he must inform himself as to what cases stand for trial and are open upon the docket. The clerk of the superior court is the custodian of the docket at such times as it is not being used by the judge, and the entry of dismissal by the clerk in term time enables the clerk to give to the judge the requisite information as to those cases which have been voluntarily dismissed, and thus obviate the necessity of sounding such cases upon the docket. Under this rule as thus practiced, the contingency suggested by plaintiff in error that it would be possible for a plaintiff to obtain from the judge

an order dismissing the case and yet withhold the order from the clerk so that the court records would still show the action pending, although in fact it had been dismissed, is entirely obviated and cannot possibly arise. The plaintiff cannot dismiss his action without payment of the costs to the clerk, and therefore the cause may be dismissed in many instances with the knowledge of the clerk without the judge being aware of its dismissal; but it could not be dismissed by the judge in vacation, even if an order of the judge were required, without the knowledge of the clerk. If it is a mere voluntary settlement of the case by the plaintiff, it is not necessary that the judge should have knowledge of the dismissal except for his guidance in the call of the docket in term time. The appointment of a receiver does not alter the case, even though the action is such that other parties may intervene if they wish. Primarily a plaintiff asks for extraordinary relief for his own benefit; and if he desires to discontinue his action and withdraw his request for extraordinary relief before rights have accrued to other parties by their intervention, such outside parties are in the same condition as if the petition had never been filed. It would be poor policy on the part of the court to keep cases which had been settled between the parties upon the docket merely as a standing invitation to others to enter the court.

*Judgment affirmed. All the Justices concur.*