## DAVENPORT *v.* HARDMAN *et al.*

HUTCHESON, Justice. 1. "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant; and if done in term time, the clerk or justice of the peace shall enter such dismissal on the docket. After a plea of set-off or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." Code, § 3-510 (1910, §§ 4348, 5548, 5627). Where the answer of the defendant is purely defensive, the plaintiff may dismiss his action, either in term or vacation, without

any leave or order of the court. *Kean* v. *Lathrop*, 58 *Ga.* 355; *Ayers* v. *Lamb*, 65 *Ga.* 627; *Evans* v. *Sheldon*, 69 *Ga.* 100; *Jackson* v. *Roane*, 96 *Ga.* 40 (23 S. E. 118); *Kiser Co.* v. *Bonnett*, 157 *Ga.* 555 (122 S. E. 338). After such dismissal there is no case in court (*Kean* v. *Lathrop*, supra), and no decree can be rendered therein (*Whatley* v. *Slaton*, 36 *Ga.* 653, 654).

2. A plaintiff may dismiss his petition for injunction, even though there may be persons who might intervene, where such dismissal is effected before such intervention. *Kiser Co.* v. *Bonnett*, supra.

3. Where a plaintiff brought a petition to enjoin the defendant from trespassing on certain land, and prayed that title to the land be decreed in the plaintiff, and the defendant set up as a defense that he was the tenant of a third person who owned said land, such answer was purely defensive; and where the plaintiff at the close of the evidence announced to the court that he dismissed and withdrew his suit at his cost, "as in cases of nonsuit," the case stood dismissed; and the subsequent allowance by the court of an "amendment" to the answer, making the third person a party to the suit, and praying that title to the land be decreed to be in him, the rendition of a verdict in favor of such third party, and the judgment and decree of the court entered pursuant thereto, were nugatory and without authority of law.

4. Under the foregoing rulings, and the facts as substantially set forth above, the court erred in proceeding with the trial after the dismissal of the case. *Judgment reversed. All the Justices concur.*

No. 11684. JUNE 18, 1937.

*G. Y. Harrell,* for plaintiff.

*M. A. Walker* and *Jule Felton,* for defendants.