## BEDGOOD *v.* STEVENS.

No. 15337. JANUARY 11, 1946.

W. T. *Revell*, for plaintiff in error.

M. C. *Barwick* and Q. L. *Bryant*, contra.

CANDLER, Justice. (After stating the foregoing facts.) After a plea of setoff or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with such plea, unless

by leave of the court on sufficient cause shown, and on terms prescribed by the court. Code, § 3-510. . As shown by the statement of facts, the only affirmative relief sought by the defendant was the appointment of a receiver in the event that the court granted a temporary injunction, and an injunction restraining the plaintiff from interfering with the defendant's right to gather the crops he had produced. In *Nicholson* v. *Cook,* 76 *Ga.* 24, it was held: "Where two parties entered into a written contract, whereby one of them was to let the other have fifty acres of land, and was to furnish sufficient stock to cultivate it, and the other was to furnish the labor, and they were to divide the crops, if the former failed to furnish the necessary plow-stock and took charge of the crops, in the absence of any allegations of insolvency, there was an ample remedy at law, and a resort to equity was unnecessary." The same principle was applied in *Casey* v. *McDaniel,* 154 *Ga.* 181 (113 S. E. 804), where it was held that the court did not err in refusing an injunction. Unquestionably, the court considered this principle of law in determining whether sufficient cause had been shown for the dismissal of the entire case. "As between the parties an order of dismissal, when signed by the judge, is immediately effective." Hayles *v.* Southern Ry. (Dist. Ct. So. Dist. of Ga.) 25 Fed. 2d, 758 (3). A motion to dismiss a pending cause should be construed as a motion to strike the case from the docket. *Brightwell* v. *Brightwell,* 161 *Ga.* 89 (129 S. E. 658). The judgment in this case, which was granted on August 25, 1945, and was not excepted to, dismissed the entire case and was immediately effective, and the subsequent proceedings were a complete nullity. Cf. *Davenport* v. *Hardman,* 184 *Ga.* 518 (192 S. E. 11). The court, therefore, did not err in refusing to allow the proffered amendment.

*Judgment affirmed. All the Justices concur.*