## SPENCE v. DYAL.

CANDLER, Justice. 1. "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant. . . After a plea of set-off or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." Code, § 3-510.

2. "The dismissal of a bill in equity carries the whole case out of court, including the answer of defendant thereto, if said answer contain no set-off or other prayer for relief in the nature of a cross-bill." *Harris* v. *Hines,* 59 *Ga.* 427.

3. Where, in a suit to recover a tract of land and to cancel a recorded deed from the County of Appling to the defendant, as a cloud on title, the plaintiff alleged that the land, belonging to him, was sold for taxes and bid in by the county, but that his possession and use were never disturbed, and that more than a year thereafter he repurchased the land on credit, and under a contract began making the payments, and thereby acquired an equitable title and right to finish paying for the same, that the defendant, with full knowledge of such purchase and possession, purchased the land from the county, and ousted the plaintiff, and where the defendant filed an answer in which he categorically admitted or denied the paragraphs of the petition, and concluded with the prayer, "Wherefore defendant prays to be adjudged to be the true and lawful owner of said parcel of land," *held:*

(a) The answer of the defendant is wanting in any allegation of collateral facts other than those alleged in the petition. It is purely defensive in nature, and does not seek any affirmative collateral relief against the plaintiff as in a cross-action. *Winter* v. *People's Bank of Calhoun,* 166 *Ga. 385* (143 S. E. 387).

(b) The court having erroneously failed to give full effect to the plaintiff's dismissal, all that took place subsequently in the trial was nugatory, and therefore it becomes unnecessary to deal with the other assignments of error in the bill of exceptions. *Bedgood* v. *Stevens,* 200 *Ga.* 244 (36 S. E. 2d, 793).

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15945. October 16, 1947.

H. L. *Williams* and C. W. *Heath,* for plaintiff.