## TRUSCO FINANCE COMPANY (MOTOR CONTRACT DIVISION) *v.* McGEE *et al.*

No. 16880. JANUARY 13, 1950.

*O. W. Roberts Jr.*, for plaintiff.

*Boykin & Boykin, Durwood T. Pye*, and *W. S. Northcutt*, for defendants.

ALMAND, Justice. On May 21, 1948, Trusco Finance Company instituted in Carroll Superior Court a bail-trover action against E. R. McGee, seeking to recover possession of a certain automobile. The defendant filed his answer, in which he denied the material allegations of the petition except the allegation as to his residence, which he admitted, and prayed "that he be discharged without cost and that judgment be rendered by this court, finding in favor of defendant on each and every charge, and relieving defendant of all costs." He also executed

a replevy and forthcoming bond. On October 4, 1948, the plaintiff, by amendment, made Mrs. E. R. McGee a party defendant to the trover action, and she filed a motion to strike the amendment and that she be relieved as a party defendant, and also filed an answer in which she denied all of the paragraphs of the amendment and prayed that the prayers of the plaintiff be denied. On July 12, 1949, the plaintiff by its attorney entered a written order in said case, which was filed, dismissing the trover action, and paid the cost therein. On July 16, 1949, the defendants filed a pleading entitled in the bail-trover action and designated as an equitable bill in aid of their defense "in the above-stated case," in which they alleged: that the plaintiff had knowledge that the defendants, on October 16, 1948, had given a notice of vouchment to E. R. Spicer, and after the defendants had replevied the automobile, they permitted their son, E. A. McGee, to use the automobile in his personal business; that subsequently the plaintiff instituted in the Civil Court of Fulton County on July 12, 1949, a bail-trover action against E. A. McGee for recovery of the automobile which was the subject-matter of the trover action in Carroll Superior Court; that the plaintiff, without the knowledge or consent of the defendants or approval of the court, entered an order of dismissal in said case; and that said purported dismissal is void and of no effect because, (a) it was done for the express purpose of evading the jurisdiction of Carroll Superior Court; (b) the plaintiff had knowledge that the defendant Mrs. E. R. McGee had vouched E. R. Spicer into court; (c) the plaintiff could not legally dismiss this action, since the defendants' prayers were not only defensive, but embodied an element of cross-action by praying that title be adjudicated in the defendant E. R. McGee; and (d) the plaintiff's dismissal did not have the sanction or approval of the court. The prayers were: that the plaintiff be restrained from prosecuting his action in the Civil Court of Fulton County; that the marshal of that court be restrained from changing the status of the automobile; and that the court hear and determine all issues as made by the pleadings in Carroll Superior Court. The court granted a rule nisi on this amendment. The plaintiff filed its plea to the jurisdiction and objections to any further proceedings in

said case, on the ground that there was no case pending in court to which the amendment could be applied, and prayed that the restraining orders theretofore granted be revoked. After hearing evidence and argument, the court, on August 19, 1949, entered an order setting aside and revoking the order of dismissal, and an order restraining the plaintiff from further prosecuting the suit in the Civil Court of Fulton County, and ordering the marshal of that court to deliver the automobile to the defendants. The case is before this court upon assignments of error on the order declaring the order of dismissal void, and on the order which restrained the plaintiff from further prosecuting the bail-trover action in the Civil Court of Fulton County.

The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, provided he shall not thereby prejudice the right of the defendant. After a plea of setoff or otherwise has been filed, the plaintiff may not dismiss his action so as to interfere with such plea, except by leave of court on sufficient cause shown, and on terms prescribed by the court. Code, § 3-510. One can thus voluntarily dismiss a petition without any leave or order of the court. *Kean* v. *Lathrop*, 58 *Ga.* 355 (1). The provision of the Code section cited above, that the plaintiff may voluntarily dismiss the action "if he shall not thereby prejudice any right of the defendant," refers to those rights which are specified in the last sentence of the section, to wit, equitable claims by way of setoff or otherwise, which the defendant sets up in his answer. *Evans* v. *Sheldon*, 69 *Ga.* 100 (1). Where the answer of the defendant is purely defensive, the plaintiff may dismiss. *Kean* v. *Lathrop*, supra; *Kiser Co.* v. *Bonnett*, 157 *Ga.* 555 (122 S. E. 338). After such dismissal, there is no case in court (*Whatley* v. *Slaton*, 36 *Ga.* 653 (2); *Davenport* v. *Hardman*, 184 *Ga.* 518 (1), 192 S. E. 11); and such dismissal is effective, though there may be third persons who might have intervened before such dismissal is effected. *Davenport* v. *Hardman*, supra, (2).

The defendants contend that in their answer to the bail-trover action they did pray for affirmative relief, and that the voluntary dismissal of the petition by the plaintiff did not carry with it their answer. The plaintiff in its original petition al-

leged that McGee was in possession of a certain automobile of a named value to which the plaintiff claimed title, and that the defendant refused to deliver the automobile to the plaintiff, and alleged the yearly reasonable value of the property. The defendant, E. R. McGee, denied that he was in possession of the property, denied that he refused to deliver the property, and denied the alleged yearly value of the property, and prayed that he be discharged without cost, and judgment be rendered in his favor. In the plaintiff's amendment making Mrs. E. R. McGee a party defendant, it was alleged that Mrs. McGee had title or some valuable interest in the described automobile, and that she was in joint possession, custody, and control thereof, and prayed that she be made a party defendant. In her answer she denied all the allegations made, and prayed that the plaintiff's prayer be denied.

It will thus be seen from a reading of these answers that they are purely defensive. They constitute merely a general denial of the plaintiff's allegations, and pray that the plaintiff's prayers be denied and that the defendants be discharged from any liability. There is no assertion of any counterclaim or setoff, or prayer whereby the court is asked to hear and determine any claim of the defendants where, upon a trial, any judgment could be rendered for the defendants other than a general judgment in their favor for the cost of the action. In *Spence* v. *Dyal*, 202 *Ga.* 739 (44 S. E. 2d, 658), the plaintiff sought to recover a tract of land and cancel a deed to the defendant, and the defendant filed an answer in which all the paragraphs of the petition were either admitted or denied, and concluded with the prayer that the defendant be adjudged to be the true and lawful owner of the land; and it was held that such answer constituted a purely defensive plea and did not seek any affirmative collateral relief against the plaintiff as in a cross-action, and that it was error to proceed with the case on the defendant's answer after the plaintiff's voluntary dismissal of his petition. See, in this connection, *Davenport* v. *Hardman*, 184 *Ga.* 518 (supra). Where a pending case is dismissed by the plaintiff, such dismissal carries with it the answer of the defendant, and further defensive pleading is a nullity. *Bedgood v. Stevens*,

200 *Ga.* 244 (36 S. E. 2d, 793. See also *Harry L. Winter Inc.* v. *Peoples Bank of Calhoun,* 166 *Ga.* 385 (3) (143 S. E. 387).

We are of the opinion that, under the facts of this record, the voluntary dismissal of the petition by the plaintiff carried with it the answers of the defendants, and that the action of the trial judge in allowing the equitable amendment, reinstating the case, and restraining the plaintiff from proceeding with the action in the Civil Court of Fulton County, was error.

*Judgment reversed. All the Justices concur.*