21444. WALDOR, by Next Friend, *et al.* v. WALDOR.

Mobley, Justice. 1. "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant. . ." *Code* § 3-510. No defensive pleadings having been filed by the defendant, none of his rights were prejudiced by plaintiff's

dismissal of her action. The dismissal of plaintiff's petition removed the case from the court. *Harris v. Hines,* 59 Ga. 427; *Spence v. Dyal,* 202 Ga. 739 (44 SE2d 658). "After . . . dismissal, there is no case in court (*Whatley v. Slaton,* 36 Ga. 653(2); *Davenport v. Hardman,* 184 Ga. 518(1), 192 SE 11)." *Trusco Finance Co. v. McGee,* 206 Ga. 382, 384 (57 SE2d 184).

2. "[I]t is well-settled law that a court has plenary control over its judgments, orders, and decrees during the term at which they were made, and, in the exercise of a sound discretion, may revise, revoke, or modify them. *Gaines v. Gaines,* 169 Ga. 432(1) (150 SE 645); *Lawson v. Haygood,* 202 Ga. 501(3) (43 SE2d 649). This power may be exercised by the court at the same term, on his own motion without notice to either party. *Athens Apartment Corp. v. Hill,* 156 Ga. 437(1) (119 SE 631); *Jones v. Garage Equipment Co.,* 16 Ga. App. 596 (85 SE 940)." *Dover v. Dover,* 205 Ga. 241 (1) (53 SE2d 492). See also *Bowen v. Wyeth,* 119 Ga. 687(1) (46 SE 823). Accordingly, the trial judge in this case had the authority and power during the same term of court to vacate and set aside the judgment of divorce granted by him, and it was not necessary to give notice to anyone. See also *Deen v. Baxley State Bank,* 192 Ga. 300 (15 SE2d 194), where this court, after stating the rule that "the superior court has power during the same term at which an order or judgment is rendered, to revoke or vacate it for meritorious cause", held that "[s]uch power is not lost during the term merely because the time for excepting to the judgment directly by writ of error has expired." See also *Seigler v. Seigler,* 181 Ga. 310 (181 SE 822); *Langston v. Nash,* 192 Ga. 427 (15 SE2d 481); *Eagan v. First National Bank,* 212 Ga. 212, 213 (91 SE2d 499). Applying that rule to the plaintiff's contention that the judgment here had become final, and that the question was res judicata and the judgment could not be set aside, the contention is clearly without merit.

3. "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." *Code* § 110-709. The plaintiff having dismissed her petition for divorce and there having been no reinstatement thereof, the case was not be-

fore the court, and the court was without jurisdiction of the divorce proceedings. Accordingly, all further proceedings in the case were nugatory and the judgment of divorce was an obvious nullity and void. *Bedgood v. Stevens,* 200 Ga. 244 (36 SE2d 793) ; *Spence v. Dyal,* 202 Ga. 739, supra.

4. "A judgment which is void for want of jurisdiction does not afford any basis for applying the doctrine of res adjudicata or estoppel. *Dix v. Dix,* 132 Ga. 630(3) (64 SE 790)." *Eagan v. First National Bank,* 212 Ga. 212, 213, supra. See also *Ethridge v. Echols,* 212 Ga. 597, 599 (94 SE2d 377); *Langston v. Nash,* 192 Ga. 427, supra; *Jones v. Jones,* 181 Ga. 747(6) (184 SE 271). "Not even estoppel can legalize or vitalize that which the law declares unlawful and void." *Family Finance Co. v. Allman,* 174 Ga. 467 (163 SE 143); *Northington v. Candler,* 211 Ga. 410, 412 (86 SE2d 325). The cases relied upon by the plaintiff in error in support of his contention that the plaintiff, having through her attorney gone into court and secured the judgment of divorce, is estopped to deny the validity of the judgment, are distinguishable from this case. In *Phillips v. Phillips,* 211 Ga. 305 (85 SE2d 427); *Musgrove v. Musgrove,* 213 Ga. 610 (100 SE2d 577), which was not a full-bench decision; *McConnell v. McConnell,* 135 Ga. 828 (70 SE 647); and *Fuller v. Curry,* 162 Ga. 293 (133 SE 244), the lack of jurisdiction of the court did not appear on the face of the record, and the defendant acknowledged service of the petition and recognized the jurisdiction of the court. In the other cases relied upon (*Johnson v. Johnson,* 188 Ga. 800, 4 SE2d 807; *Davis v. Davis,* 191 Ga. 333, 11 SE2d 884; *Crenshaw v. Crenshaw,* 198 Ga. 536, 32 SE2d 177; and *Fender v. Crosby,* 209 Ga. 896, 76 SE2d 769), it not only does not appear on the face of the record that the court was without jurisdiction, but the issue of jurisdiction was litigated and the judgment entered determined the question. "While it is true that when both the parties in a divorce suit were residents of this State, a judgment granting a divorce is invalid unless the suit was brought in the county in which the defendant resided (*Watts v. Watts,* 130 Ga. 683, 61 SE 593; *Jones v. Jones,* 181 Ga. 747, 184 SE 271), this does not mean that the question of venue can be made the subject of continued litigation, once it has been determined in a proper manner." *Johnson v. Johnson,* supra.

Where, as here, the judgment of divorce was void for lack of jurisdiction, which appeared on the face of the record, the plaintiff was not estopped to deny its validity.

5. The trial court properly sustained the general demurrer to the petition brought to set aside an order of the court, which vacated and set aside the divorce decree.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1961—DECIDED JANUARY 4, 1962.

*Robert L. Cork, Earl H. E. Isensee, Jr.,* for plaintiffs in error. *Walker & Yancey,* contra.

The exception is to a judgment of the Superior Court of Lowndes County sustaining a general demurrer to the petition of the plaintiffs which seeks to set aside an order of the court, vacating and setting aside a divorce decree, and for other equitable relief including an injunction against the defendant from acting and claiming as the widow of the estate of Daniel L. Waldor.

The allegations of the petition material to the issue presented are as follows: The wife, defendant in error, filed suit for divorce against her husband in Lowndes Superior Court. No defensive pleadings were filed, and the wife thereafter dismissed her petition for divorce. Without any order reinstating the petition which she had dismissed, her attorney, while acting as her attorney and at her instance and request and under her directions and instructions, on November 20, 1960, procured a judgment for divorce on the petition previously filed and later dismissed. On April 21, 1961, the husband, the defendant in the divorce petition, was killed. Six days later, the wife filed a motion to set aside the divorce decree on the ground that the proceedings in the divorce action were defective on the face of the record, which record showed that the petition for divorce had been dismissed, had never been reinstated, and consequently no action was before the court and any judgment taken thereon was a nullity. The court entered an order reciting that, after hearing competent evidence, and it appearing that the action was not before the court, the divorce decree was set aside as

being null and void ab initio. This judgment was entered during the term at which the divorce judgment was granted and was rendered without notice to anyone and without the making of a party or parties.