40852. BUFFORD v. FARMERS & MERCHANTS BANK.

NICHOLS, Presiding Judge. The Farmers & Merchants Bank filed an action against Lester Bufford to recover on a note. On the call of the case, and after a jury was selected, the plaintiff failed to appear except by counsel and he could not announce ready in that none of his witnesses appeared in court. The defendant then moved to dismiss the action for lack of prosecution, but before the court could rule on the defendant's motion, plaintiff's counsel entered the following on the back of the original petition and delivered the same to the clerk: "This case is hereby dismissed without prejudice, at cost of plaintiff. May 7, 1964. Lawson E. Thompson, Plaintiff's attorney." The clerk then made the following entry

thereon: "Dismissed—figure cost." Later, on the same date, the trial court reinstated the case and set it for trial at the next term of court. The defendant demurred to such order of the trial court reinstating the case and error is assigned on the judgment reinstating the case as well as on the judgment overruling the demurrers which attacked the judgment. *Held:*

1. It does not appear from the record that the defendant's rights were prejudiced by such dismissal of the action by the plaintiff.

2. "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant . . ." *Code* § 3-510.

3. "The dismissal of plaintiff's petition removed the case from the court. *Harris v. Hines,* 59 Ga. 427; *Spence v. Dyal,* 202 Ga. 739 (44 SE2d 658). 'After . . . dismissal, there is no case in court. (*Whatley v. Slaton,* 36 Ga. 653 (2); *Davenport v. Hardman,* 184 Ga. 518 (1), 192 SE 11). *Trusco Finance Co. v. McGee,* 206 Ga. 382, 384 (57 SE2d 184)." *Waldor v. Waldor,* 217 Ga. 496 (1) (123 SE2d 660). See also *Simpson v. Brock,* 114 Ga. 294 (40 SE 266); and *Petty v. Piedmont Fertilizer Co.,* 146 Ga. 149 (90 SE 966).

4. The trial court was without authority to reinstate the case once it had been dismissed by the plaintiff's attorney. *Simpson v. Brock,* 114 Ga. 294, supra.

*Judgment reversed. Hall and Russell, JJ., concur.*

DECIDED OCTOBER 2, 1964.

*Walton Hardin,* for plaintiff in error.
*Lawson E. Thompson,* contra.