## 23680. MINCHEW v. MINCHEW.

QUILLIAN, Justice. Mrs. Anne D. Minchew sued Lamar W. Minchew for alimony in the Superior Court of Wayne County and obtained an award of a certain sum to be paid at stated intervals. L. W. Minchew filed his cross bill in which he prayed a divorce be granted him together with custody of the couple's minor children. No judgment or order concerning custody of the children or a divorce was entered. Thereafter on September 29, 1965, formal dismissals of their respective actions were signed by each of the parties and entered upon the minutes of Wayne Superior Court. The language of the dismissals reads: "Now comes Anne D. Minchew, the plaintiff, in the suit for alimony against Lamar W. Minchew, the defendant, and dismisses her action in said above cause without prejudice, and delivers this dismissal to the clerk of said court that the same may be entered on the docket . . . The defendant consents to a dismissal of the plaintiff's within action and upon such dismissal dismisses his cross action therein."

On February 26, 1966, the defendant, L. W. Minchew, petitioned the trial court to re-instate this cross action. Mrs. Minchew did not contest the merits but contested his right to have the cross action re-instated. The trial judge entered a judgment refusing to permit the cross action re-instated and Mr. Minchew appealed. *Held:*

1. Where, as in the present case, the parties, plaintiff and defendant, sign and file with the clerk of the court where the action is pending a formal dismissal of the case, upon the clerk entering such dismissal upon the docket the case is effectively dismissed and no order of the judge is necessary to effect that result. *Code* § 3-510; *Kean v. Lathrop*, 58 Ga. 355 (1); *Trusco Finance Co. v. McGee*, 206 Ga. 382, 384 (57 SE2d 184).

The contention in the present case that merely because temporary alimony had been awarded the plaintiff, she with the written consent of the defendant could not dismiss the case is not meritorious. The rule applicable here is found in the pronouncement of *Black v. Black*, 165 Ga. 243 (4, 5) (140 SE 364), which pointed out that the powers contained in what are now *Code Ann.* §§ 30-127 and 30-206 can be exercised by the trial judge only when divorces are granted and that

a disposition of the minor children of the marriage could be made only during the period the divorce proceeding is pending. The *Black* case held: "Where the case is terminated without a divorce being granted to either of the parties, the court can not exercise this power. *Keppel v. Keppel*, 92 Ga. 506 (17 SE 976). This power is one incident to the divorce proceeding, and is exercisable only as above stated. *Brightwell v. Brightwell*, 161 Ga. 89 (2) (129 SE 658). The motion of the plaintiff to dismiss the divorce case should be construed as a motion to strike the case from the docket of the court; and the dismissal of the case by the plaintiff would carry with it the prayer of the defendant for the custody of this minor child, the power to grant such custody to him being only an incident to the suit. *Meadows v. Meadows*, 161 Ga. 90 (129 SE 659)."

"When a plaintiff, by his counsel, voluntarily dismisses his petition, whether for a good or bad reason, the court has no authority, over objection by the defendant, to re-instate the action." *Simpson v. Brock*, 114 Ga. 294 (40 SE 266).

2. The petition alleges that the defendant in the original action, plaintiff in this case, is entitled to have his cross action for divorce re-instated because the plaintiff induced him to procure the dismissal fraudulently in that she promised that she would dismiss her action for alimony and would return from Maryland to reside with the defendant in Georgia, which latter promise she failed to keep and, instead, thereafter instituted a divorce and alimony suit against him in Maryland. The petition does not allege that the plaintiff, at the time she dismissed her Georgia suit for alimony and the defendant his cross action for divorce and custody, contemplated not keeping her promise. Indeed, the petition is silent as to what transpired between the parties after the dismissals were entered on the minutes of Wayne Superior Court, or why the plaintiff did not return to Georgia to live with the defendant. The allegations are insufficient to show fraud.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1966—DECIDED OCTOBER 6, 1966.

*Albert E. Butler*, for appellant.
*Alvin Leaphart*, for appellee.