### 42248. STAMPS TIRE COMPANY, INC. v. HARTFORD ACCIDENT & INDEMNITY COMPANY.

Bell, Presiding Judge. 1. The trial court in this case sustained defendant's plea in bar to plaintiff's petition. Plaintiff contends that the court erred in considering the plea in bar where the plea was not renewed after plaintiff had materially amended its petition. The two different functions of general demurrer and plea in bar are not analogous. General demurrer challenges the sufficiency of plaintiff's allegations and must therefore be renewed whenever those allegations are changed by material amendment. See *General Acc. &c. Corp. v. Way*, 20 Ga. App. 106 (2) (92 SE 650). The plea in bar alleges additional facts, not in denial of the allegations of the petition, to show that plaintiff is not entitled to any relief in the action in question regardless of the allegations of the petition. Ga. Procedure and Practice §§ 10-1 (p. 236), 10-11 (p. 243). Since the plea does not attack plaintiff's allegations, there is no reason why it should be renewed whenever plaintiff amends the petition.

2. Having filed this action in Fulton Civil Court and having failed to file a written demand for jury trial in accordance with the terms of Sec. 39 of an Act of 1913 (Ga. L. 1913, pp. 145, 165) as amended by Sec. 4 of an Act of 1935 (Ga. L. 1935, pp. 500, 502), the plaintiff must be held to have waived a trial by jury. *Owen v. Stevenson*, 18 Ga. App. 391 (89 SE 435); *Cherry v. McCutcheon*, 68 Ga. App. 682, 690 (23 SE2d 587). The court did not err in refusing to commit trial of the plea in bar to a jury.

3. Defendant's plea in bar raises issues of fact, and the record on appeal contains no information as to what, if any, evidence or admissions or stipulations of fact were heard by the trial court before sustaining the plea. Under these circumstances it must be presumed that the trial judge had before him ample evidence or admissions to authorize the judgment rendered.

4. This case having been finally terminated by the judgment sustaining defendant's plea in bar and dismissing the petition, subsequent rulings of the trial court also purporting to dismiss the petition are mere nullities and do not permit discussion. *Waldor v. Waldor*, 217 Ga. 496 (1) (123 SE2d 660).

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED SEPTEMBER 6, 1966—DECIDED FEBRUARY 9, 1967—REHEARING DENIED MARCH 1, 1967.

*Miles B. Sams*, for appellant.

*Best, Chambers & Mabry, Eugene P. Chambers, Jr.*, for appellee.

