24083. POWELL v. WILKINSON et al., Executors.

UNDERCOFLER, Justice. The executors of the will of Frank L. Wilkinson brought suit in the Superior Court of Houston County praying for direction and authorization to purchase annuities to discharge the alimony obligations of the testator. Appellant, a legatee of said testator and a defendant in said suit, filed an answer praying, "that the prayers of plaintiffs be denied and that defendant have judgment in her favor and her legacy be not abated." Thereafter, on October 21, 1966, plaintiffs voluntarily dismissed their suit. On February 13, 1967, the appellant and one other defendant filed a pleading which states in the opening paragraph, "Now comes petitioners . . . two of the original defendants in the above numbered case of which the cross defendants herein have voluntarily dismissed their suit, while petitioners' pleas praying for affirmative relief in said Suit Numbered 7687 under the rule of Code Section 3-510 of State of Georgia are not dismissed to interfere therewith and petitioners do bring this their ancillary suit for injunctive relief and show:" The pleading does not allege the residence of the defendants, but states in Paragraph 1, "Cross defendants hereinafter referred to as defendants or executors are subject to the jurisdiction of this court by pending suit." There is no prayer for process nor does the record show any service other than the service of a rule nisi by mail on the attorneys of record in the original suit. At an interlocutory hearing held on February 24, 1967, the court sustained a motion to dismiss the "ancillary suit for injunctive relief" on the ground that the answer of the appellant in the original suit contained no prayer for affirmative relief and there was no proceeding pending in court upon which the appellant could base a cross petition. Appellant enumerates as error, (1) the sustaining of the motion to dismiss, and (2) the court's action in sustaining the motion at an interlocutory hearing before the appearance day of the case. *Held:*

In our opinion the "ancillary suit for injunctive relief" clearly indicates that it is in answer to the original petition filed by the executors and is not a new and separate petition. It appears, also, that the original answer to the suit by the executors prayed for no affirmative relief and when this suit was dismissed there was no proceeding pending. Accord-

ingly, the "ancillary suit" filed by the appellant was a nullity and the court did not err in dismissing it. The enumerations of error are without merit. *Harry L. Winter, Inc. v. People's Bank of Calhoun,* 166 Ga. 385 (3) (143 SE 387); *Spence v. Dyal,* 202 Ga. 739 (44 SE2d 658). *Code* § 81-101.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 8, 1967—DECIDED MAY 18, 1967.

*H. Thad Crawley,* for appellant.

*Martin, Snow, Grant & Napier, George C. Grant, Charles M. Cork, Fred S. Black,* for appellees.