## 76068. RAMOS v. VOURTSANIS.
### (369 SE2d 344)

BEASLEY, Judge.

Vourtsanis brought an action for medical negligence against Dr. Stephens and Emory University, Inc. In the course of the litigation, plaintiff's counsel deposed Dr. Ramos who billed plaintiff $1,000 as deposition fees. Prior to taking the deposition on August 12, 1986, plaintiff had been notified as to the doctor's fee schedule. Correspondence ensued evidencing a dispute about the matter during October through December of that year, and the bill was not paid. The parties to the negligence action settled and on March 16, 1987, a dismissal with prejudice was entered. On March 17, Ramos brought a motion to compel plaintiffs to pay his expert witness fees. After a hearing, the court dismissed the motion on the ground that the court no longer had jurisdiction of the matter. From that order, Ramos appealed.

*Polston v. Levine*, 171 Ga. App. 893, 894 (2) (321 SE2d 350) (1984), recognized the right to recover expert witness fees after the voluntary dismissal of a case where the motion to compel payment was pending. Analogy was made to a counterclaim which cannot be defeated by the expedient of voluntarily dismissing the main action. See *Worthen v. Jones*, 240 Ga. 388 (240 SE2d 842) (1977). OCGA § 9-11-41 (a) provides protection to a counterclaim, where it has been pleaded prior to service of plaintiff's motion to dismiss.

Under former practice, *Waldor v. Waldor*, 217 Ga. 496 (1) (123 SE2d 660) (1962), held that plaintiff could dismiss where no affirmative defensive pleadings were filed and that after dismissal there is no case in court. See *Davenport v. Hardman*, 184 Ga. 518 (192 SE 11) (1937). That is the situation here because no motion was pending at the time of dismissal, and the same rule applies. The court simply no longer had jurisdiction of the case in which the ancillary question of

the witness fees was sought to be adjudicated. To hold otherwise would allow resurrection of jurisdiction to deal with claims which could have been asserted while suit was pending but which were not submitted for judicial resolution until after conclusion of the case. Such an extension so as to give jurisdiction over new issues finds no authority.

It is true that OCGA § 9-15-14 (e) permits attorney fees and expenses to be requested within forty-five days after the final disposition of the action. However, that statutory remedy available to parties suffering from frivolous actions does not embrace a witness' direct claim for deposition fees. Nevertheless, as appellant recognizes, he is not remediless. Having chosen or failed to seek in a timely fashion a court determination of his claim in the suit in which he was a deponent, he may bring a separate suit.

At the time the motion was filed, however, the trial court was without jurisdiction of the question and properly dismissed the witness' motion.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 5, 1988.

*Hunter S. Allen, Jr., Edward D. Flynn III*, for appellant.
*James E. Carter, Alexander H. Booth, J. M. Hudgins IV*, for appellee.