A92A1669. SMITH v. MEMORIAL MEDICAL CENTER, INC. et al.
(430 SE2d 57)

ANDREWS, Judge.
Herbert Smith, Sr., individually and as administrator of the Estate of Herbert Eugene Smith, Jr., appeals the trial court's grant of summary judgment to appellees/defendants Memorial Medical Center, Inc., and Robert Swicord, M.D., in this medical malpractice suit arising out of his son's alleged wrongful death. He enumerates four ways in which the trial court erred in granting summary judgment.

On December 18, 1990, Herbert Smith, Sr., individually and as administrator of the estate of Herbert Smith, Jr., filed a complaint against Memorial Medical Center, Swicord and a third doctor, Edward Stringer, who was subsequently dismissed from the action. Smith claimed that defendants were liable to him for pain and suffering, funeral and medical expenses and the full value of the life of his son for actions occurring on December 6, 1990.

On February 6, 1992, Memorial Medical Center and Swicord filed a motion for summary judgment on the basis that Smith was not the

proper party to bring the wrongful death action since Edna Lechner was the spouse of the decedent at the time of his death.

On February 24, 1992, Ms. Lechner filed a motion to intervene as a plaintiff in the action. In her motion she stated that notwithstanding Smith's claims, she was the surviving spouse of the decedent and, as such, was the proper party to bring the wrongful death action. She stated that on December 5, 1991, Smith had entered into a settlement agreement with Stringer and that she did not receive any portion of the settlement funds. She claimed that the disposition of the remaining action would impair her ability to protect her interest in the case and that she also had an interest in the proceeds the estate recovered in the action. Attached to her motion was a proposed amended complaint in which she simply duplicated Smith's complaint and added her name as a party plaintiff entitled to recovery.

On March 4, 1992, Smith, in his individual capacity, dismissed without prejudice his individual wrongful death claim as to all parties. The dismissal stated that Smith was dismissing the case without prejudice and was "reserving the right to refile same in accordance with Georgia law. Plaintiff Herbert E. Smith, Sr., as administrator of the estate of Herbert Eugene Smith, Jr., deceased, does not dismiss his action against the said defendants."

On March 5, 1992, the court held a hearing on Lechner's motion to intervene. On March 30, the court granted Lechner's motion to intervene and on April 6, the court granted defendants' motion for summary judgment as to Smith's wrongful death claim. In the order, the court held that Smith was subject to the motion for summary judgment and was still a party to the action since he had failed to move the court for an order to drop him individually as a party under OCGA § 9-11-21. Thus, the court granted defendants' motion for summary judgment because Lechner, the surviving spouse, and not Smith, was the proper party to bring the wrongful death action.

1. In his first two arguments, Smith claims that the superior court erred in granting summary judgment against him since he had already filed a voluntary dismissal without prejudice of his wrongful death claim. Smith contends that the trial court erred in holding that Smith's wrongful death claim remained pending since he failed to move the court to drop him pursuant to OCGA § 9-11-21. We agree and reverse.

At the outset, we recognize that an individual's claim for wrongful death and an estate's claim for the decedent's pain and suffering are distinct causes of action. See generally OCGA §§ 51-4-2 (a); 51-4-5 (b); *Complete Auto Transit v. Floyd*, 214 Ga. 232 (2) (104 SE2d 208) (1958). The plaintiff in his individual capacity and in his capacity as administrator are legally different persons. *Stiltjes v. Ridco Exterminating Co.*, 197 Ga. App. 852, 853 (399 SE2d 708) (1990), aff'd

261 Ga. 697 (409 SE2d 847) (1991).[1] Thus, Smith could dismiss the wrongful death claim and leave pending the estate's claim for pain and suffering.

Under OCGA § 9-11-41 (a) a party may dismiss an action without prejudice by filing a written notice of dismissal at any time before verdict, if no counterclaim has been pleaded by a defendant. After this dismissal, a court has no power to order reinstatement of the action. See *Matthews v. Riviera Equipment*, 152 Ga. App. 870 (1) (264 SE2d 318) (1980). Here, the trial court's entry of summary judgment on April 6 with respect to a claim which had already been dismissed was improper since Smith's voluntary dismissal operated to divest the court of jurisdiction. " 'A suit dismissed without prejudice pursuant to [OCGA § 9-11-41] leaves the situation the same as if the suit had never been brought in the first place.' " *Matthews*, supra.

Smith's dismissal was effective since Lechner had not filed an affirmative claim for relief against him at the time he filed the dismissal and no affirmative claim against him was pending. Although in Lechner's motion to intervene she claimed that she was entitled to some portion of the estate's recovery and to portions of the settlement, she did not indicate that Smith's interests in the suit were adverse to hers. When she filed her objection to Smith's dismissal, she again failed to articulate any claim for affirmative relief against him. At no point prior to Smith's dismissal did Lechner filed a proposed cross-claim or any pleading against him. Furthermore, Lechner's motion to intervene was not granted until after Smith filed his dismissal. See generally *Kiser Co. v. Bonnett*, 157 Ga. 555 (122 SE 338) (1924).

On April 13, seven days after the summary judgment motion was granted, Lechner filed an "emergency motion for disbursement of settlement funds and restraining order" in which she formally claimed, for the first time, that Smith was indebted to her for settlement funds he had received which were rightfully hers. She claimed that she became aware of Smith's improper handling of the money on April 9 — an apparent explanation for her earlier failure to assert an adverse claim.

Although there are exceptions to a plaintiff's right to voluntarily dismiss a suit under OCGA § 9-11-41 (a), no exception applies here. Unlike *Worthen v. Jones*, 240 Ga. 388 (240 SE2d 842) (1977), in which the movant/intervenor attached a cross-claim to the motion to intervene, in the instant case, Lechner had no demonstrated adverse

---

[1] Memorial Medical Center cites *Stenger v. Grimes*, 260 Ga. 838 (400 SE2d 318) (1991), and *Ridco Exterminating Co. v. Stiltjes*, 261 Ga. 697 (409 SE2d 847) (1991). Because the issue of joinder of claims is separate from the question before us, these cases are not dispositive of the instant issue. Furthermore, our resolution of the instant issue is separate from the issue of Smith's right to refile his action.

interest to Smith at the time she filed her objection and there was no claim for affirmative relief against him. See also *Moore v. Memorial Medical Center*, 258 Ga. 696 (373 SE2d 204) (1988); see generally *Ramos v. Vourtsanis*, 187 Ga. App. 69 (369 SE2d 344) (1988); compare *Mote v. Helmly*, 169 Ga. App. 475 (313 SE2d 493) (1984). If the filing of an affirmative claim *after* the filing of a voluntary dismissal could impede the dismissal, the plaintiff's right to dismiss under OCGA § 9-11-41 (a) would be meaningless.

The trial court's reliance on OCGA § 9-11-21 was misplaced. A plaintiff may dismiss his complaint without leave or order of the court. See generally *Trusco Finance Co. v. McGee*, 206 Ga. 382 (57 SE2d 184) (1950). Accordingly, the court's entry of summary judgment was improper.

2. Because of our conclusion that the trial court erroneously granted summary judgment, we need not address the substantive merits of such order.

Lechner's emergency motion for supersedeas bond and motion to transfer and Smith's motion to strike are denied. Smith's motion for disqualification of counsel is improperly before this court and will not be considered.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1993 —
RECONSIDERATION DENIED MARCH 19, 1993 —

*The Taggart Law Firm, Thomas R. Taggart, Bennett, Callahan & Schloegel, Michael T. Bennett, Jennifer T. Schloegel*, for appellant.

*Hunter, Maclean, Exley & Dunn, Lee C. Mundell, T. Mills Fleming, Oliver, Maner & Gray, William P. Franklin, Jr., Beckmann & Pinson, William H. Pinson, Jr., Bergen & Bergen, Joseph B. Bergen, Frederick S. Bergen*, for appellees.